IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ARTHUR TEROGANESIAN, Individually and on behalf of all others similarly situated,

Plaintiff,

v.

SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,

Defendants.

Case No.: 4:23-cv-115

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF MICHAEL BERRY'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Movant Michael Berry ("Movant") respectfully submits this memorandum of law in support of his motion for appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel and George Brothers Kincaid & Horton ("GBK&H) as Liaison Counsel for the proposed Class.

**PRELIMINARY STATEMENT**

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action") alleging violations of the Exchange Act against Defendants. The Action is brought on behalf of all persons or entities (the "Class") that purchased the securities of Southwest Airlines Co. ("Southwest" or the "Company") between June 13, 2020, and December 31, 2022, inclusive (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiffs are the movant that have both the largest financial interest in the litigation and have made a *prima facie* showing that they are typical and adequate class representatives under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant satisfies these requirements and should be appointed as Lead Plaintiff. Movant lost $203,192 on his transactions in Southwest securities. Movant lives in Dearborn Heights, Michigan. Movant is 35 years old, has a Bachelor's Degree from the University of Michigan, has been investing for 17 years, and is an Account Manager for Berry BP Inc., a division of Armada Oil & Gas. Movant believes that his loss constitutes the largest financial interest in the Action and that his substantial financial interest will ensure his vigorous prosecution of the Class's claims. Movant also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are

typical of the claims of the Class, he has no interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Movant has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion to be appointed as Lead Plaintiff and approve his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel.

## SUMMARY OF ALLEGATIONS

Plaintiff alleges that, throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose, among other things, that: (1) Southwest continuously downplayed or ignored the serious issues with the technology it used to schedule flights and crews, and how it stood to be affected worse than other airlines in the event of inclement weather; (2) it did not discuss how its unique point-to-point service and aggressive flight schedule could leave it prone in the event of inclement weather; and (3) as a result, Defendants' statements about its business, operations, and prospects, were materially false and misleading and/or lacked a reasonable basis at all relevant times. When the true details entered the market, the lawsuit claims that investors suffered damages.

## ARGUMENT

### I. THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

#### A. The Procedure Required by the PSLRA

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i) has either filed the complaint or made a motion in response to an Early Notice;

ii) in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth herein, Movant meets the foregoing criteria, and is therefore entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B. Movant Is the Most Adequate Lead Plaintiff

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to the Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

#### 1. Movant's Motion is Timely

On January 13, 2023, the Early Notice was published. *See* Declaration of Joseph R. Seidman, Jr. ("Seidman Decl."), Ex. A. Accordingly, putative class members had until March 13, 2023 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Movant has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Seidman Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

#### 2. Movant Believes That He Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). *See also Bremer v. Solarwinds Corporation*, 2021 WL 26688272, at *1 (W.D. Tex. Mar. 11, 2021); *Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017).

Movant lost $203,192 in connection with his transactions in Southwest securities. *See* Seidman Decl., Ex. C. Movant is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, Movant believes that he has the largest financial interest in this litigation.

**3. Movant Meets the Requirements of Fed. R. Civ. P. 23**

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id*.

**i. Movant's Claims Are Typical of Those of the Class**

A lead plaintiff movant is typical of other proposed class members under Rule 23 where all members of the class purchased securities at issue during the relevant period and alleged they were subjected to the same false and misleading statements. *Hohenstein v. Behringer Harvard REIT 1, Inc.,* No. 3:12-CV-3772-G, 2012 WL 6625382, at *4 (N.D. Tex. Dec. 20, 2012). Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *See Bremer,* 2021 WL 266882272, at *2 ("adequacy and typicality requirements of Rule 23" satisfied where proposed lead plaintiff's "claims and those of all other class members [arose] from the same course of events, and their legal arguments to prove Defendants' liability are virtually identical").

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and
- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

**ii. Movant Will Fairly and Adequately Protect the Interests of the Class**

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Brody v. Zix Corp.,* No. 3:04-CV-1931-K, 2005 WL 8158375, at *8 (N.D. Tex. July 11, 2005). *See also Bremer,* 2021 WL 266882272, at *2.

Movant is an adequate Lead Plaintiff. Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Movant has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel for the proposed Class. *See In re Dynegy, Inc. Securities Litig.,* 226 F.R.D. 263, 269 (S.D. Tex. 2004) ("The adequacy requirement [also] mandates an inquiry into [] the zeal and competence of the representative's counsel…") As discussed more fully below, these firms are highly qualified and experienced in the areas of securities class action litigation and have repeatedly demonstrated their ability to prosecute complex securities class action lawsuits.

## II. THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class. *See* Seidman Decl., Ex. D (Firm Résumé of Bernstein Liebhard). Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country. In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years. Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);
- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);
- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);
- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);
- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and
- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

Proposed Liaison Counsel GBK&H also has extensive securities class action experience. *See* https://www.gbkh.com.

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel and GBK&H as Liaison Counsel for the proposed Class.

Dated: March 13, 2023

Respectfully submitted,

/s/ Russell Horton

**GEORGE BROTHERS KINCAID & HORTON, L.L.P.**
1100 Norwood Tower
114 West 7th St
Austin, TX 78701
Telephone: (512) 495-1400
rhorton@gbkh.com

*Liaison Counsel for Movant and Proposed Liaison Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
lhasson@bernlieb.com
seidman@bernlieb.com

*Counsel for Movant and Proposed Lead Counsel for the Proposed Class*