**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ARTHUR TEROGANESIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>Defendants. | Civil Action No. 4:23-cv-00115-DBT<br><br>Judge Drew B. Tipton |
| DAVE CARLSON, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>Defendants. | Civil Action No. 4:23-cv-00920-GCH<br><br>Judge George C. Hanks, Jr. |

**DAVE CARLSON'S RESPONSE TO THE COMPETING MOTIONS FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL**

Plaintiff and Lead Plaintiff Movant Dave Carlson ("Carlson") submits this memorandum of law in response to the three competing motions for appointment as lead plaintiff and approval of lead counsel filed by other putative class members (Dkt. Nos. 13, 16, 17).[1] For the reasons set forth below, if Vincent Hsu ("Hsu") is not appointed as lead plaintiff, Carlson should be appointed and his selection of counsel should be approved.

## I.      PROCEDURAL HISTORY AND STANDARD

Four movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "PSLRA"). The motions were filed by Carlson (Dkt. No. 14); Hsu (Dkt. No. 16); Michael Berry ("Berry") (Dkt. No. 17); and Kumaran Muthusamy ("Muthusamy") (Dkt. No. 13).

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff— *i.e.*, the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted, however, by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). If the presumption is rebutted, the presumption transfers to the movant with the next largest financial interest, until a suitable lead plaintiff is identified.

---

[1] No movant has challenged the request to consolidate the above-captioned related actions. As such only appointment of lead plaintiff and approval of lead counsel are addressed herein.

II.   **CARLSON SHOULD BE APPOINTED AS LEAD PLAINTIFF IF HSU IS NOT APPOINTED BECAUSE CARLSON HAS THE SECOND LARGEST FINANCIAL INTEREST BEHIND HSU**

The PSLRA does not specify a means of calculating the "largest financial interest." *See Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, No. 4:20-cv-0576, 2020 WL 2475656, at *3 (S.D. Tex. May 13, 2020). "However, four factors courts find relevant to the calculation of the largest financial interest are 1) the number of shares purchased; 2) the number of net shares purchased; 3) the total net funds expended by the plaintiffs during the class period; and 4) the approximate losses suffered by the plaintiffs." *Id.* Of these four, "[c]ourts place the greatest emphasis on the fourth factor, financial loss suffered." *Id.* While there are a variety of methods for determining financial loss, courts generally prefer the last in, first out (LIFO) method. *See Plymouth Cnty. Ret. Sys. v. Apache Corp.*, 566 F. Supp. 3d 712, 717 (S.D. Tex. 2021) ("The LIFO method is often used by district courts trying to determine losses when deciding who to appoint as lead plaintiff.")

In recent years courts nationwide have excluded from the LIFO loss calculation shares that were purchased and then sold before any corrective disclosure—*i.e.* "in-and-out transactions." *See, e.g.*, *Sallustro v. CannaVest Corp.*, 93 F. Supp. 3d 265, 273 (S.D.N.Y. 2015) ("[L]osses resulting from in-and-out transactions, which took place during the class period, but before the misconduct identified was ever revealed to the public are not to be included in loss calculations for purposes of selecting lead plaintiff.") (internal citations, quotation marks, and brackets omitted); *Strong v. AthroCare Corp.*, No. 08-ca-574, 2008 WL 11334942, at *6 (W.D. Tex. Dec. 10, 2008) ("LIFO excludes 'in-and-out' transactions during the class period.") (quoting *Vladimir v. Bioenvision, Inc.*, No. 07-cv-6416, 2007 WL 4526532, at *5 (S.D.N.Y. Dec. 21, 2007)).[2] Courts exclude in-and-out

---

[2] *See also Leavitt v. Alnylam Pharms., Inc.*, 378 F. Supp. 3d 60, 64 (D. Mass. 2019) ("So-called

transactions in response to the Supreme Court's opinion in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005), which held "if . . . the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Id.* at 342.

The complaints in this action allege corrective disclosures on June 14, 2021, June 15, 2021, June 16, 2021, October 9, 2021, December 27, 2022, and December 31, 2022. *See* Case No. 4:23-cv-00920, Dkt. No. 1 ¶¶ 3-17; Case No. 4:23-cv-00115, Dkt. No. 1 ¶¶ 57-70. Excluding in-and-out transactions, and considering only shares held at the time of these corrective disclosures, Carlson has the second largest loss, and therefore the second largest financial interest, behind Hsu:

[Chart on Next Page]

---

'in-and-out transactions' (those securities both bought and sold within the class period) are excluded from the calculation of approximate losses because any losses from those transactions lack a causal link to the allegedly false or misleading statements or omissions."); *Luongo v. Desktop Metal, Inc.*, No. 1:21-cv-12099, 2022 WL 2532498, at *5 (D. Mass. July 7, 2022) (calculating losses "excluding the gains and losses resulting from in-and-out transactions"); *Ruland v. InfoSonics Corp.*, No. 06-cv-1231, 2006 WL 3746716, at *5 (S.D. Cal. Oct. 23, 2006) ("[T]he Court will not consider any losses suffered by Ordway as a result of transactions prior to [the first disclosure]."); *Simco v. Aegean Marine Petroleum Network Inc.*, No. 18-cv-4993, 2018 WL 11226076, at *2 (S.D.N.Y. Oct. 30, 2018) (citing *CannaVest* and confirming that "[l]osses resulting from shares sold prior to corrective disclosures are not considered in evaluating a movant's financial interests"); *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 531 (S.D.N.Y. 2015) ("[A]ny losses that [a plaintiff] may have incurred before [a defendant's] misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in th[e] litigation."); *Gutman v. Sillerman*, No. 15-cv-7192, 2015 WL 13791788, at *4 (S.D.N.Y. Dec. 8, 2015) ("[W]hen evaluating a plaintiff's financial interest for purposes of selecting a lead plaintiff, courts in this Circuit consider that plaintiff's recoverable loss, and do not take into account losses from shares sold prior to corrective disclosures.") (collecting cases); *In re Comverse Tech., Inc. Sec. Litig.*, No. 06-cv-1825, 2007 WL 680779, at *4 (E.D.N.Y. Mar. 2, 2007) ("any losses that [the movant] may have incurred before Comverse's misconduct was ever disclosed to the public are not recoverable, because those losses cannot be proximately linked to the misconduct at issue in this litigation" and "any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff").

| Movant | LIFO Loss (Excluding in-and-out transactions) |
|---|---|
| Vincent Hsu | $239,570.83 |
| Dave Carlson | $181,039.64 |
| Michael Berry | $120,203.62 |
| Kumaran Muthusamy | $31,461.35 |

Notably, Berry's loss here differs significantly from the figure he provided in his loss chart (Dkt. No. 19-3) because he has many in-and-out transactions and did not exclude them from the calculation in his loss chart. Hsu and Carlson, in contrast, have no in-and-out transactions. *See* Dkt. No. 16-4; Dkt. No. 15-3. As illustrated in the above chart, Carlson has the second largest financial interest.

As such, if the Court determines that Hsu is inadequate, subject to unique defenses, or otherwise cannot represent the class in this action, the most adequate plaintiff presumption should move to Carlson. Carlson also satisfies the relevant requirements of Rule 23, as demonstrated in his opening memorandum (Dkt. No. 14). Carlson is a former business owner and former COO of a distribution company with more than 40 years of investing experience. As such, no movant can rebut the presumption that Carlson is adequate to represent the class. Accordingly, Carlson should be appointed as lead plaintiff if Hsu is disqualified.

## III.   CONCLUSION

For the foregoing reasons, Carlson should be appointed as lead plaintiff and his selection of counsel should be approved if Hsu is disqualified.

Dated: April 3, 2023

Respectfully submitted,

**KENDALL LAW GROUP, PLLC**

*/s/ Joe Kendall*

Joe Kendall
Texas Bar No. 11260700
SDTX Bar No. 30973

4

3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Liaison Counsel for Lead Plaintiff Movant Dave Carlson and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Dave Carlson and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Plaintiff*

## CERTIFICATION OF WORD COUNT

I hereby certify pursuant to Your Honor's Court Procedures Rule 16.c. that this brief contains 1,268 words.

*/s/ Joe Kendall*
Joe Kendall

5

## CERTIFICATE OF SERVICE

I hereby certify that on this day, April 3, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Joe Kendall*
Joe Kendall

6