**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ARTHUR TEROGANESIAN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>    Defendants. | **Case No: 4:23-cv-115**<br><br>**MOVANT VINCENT HSU'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>CLASS ACTION<br><br>JUDGE DREW B. TIPTON |

Movant Vincent Hsu ("Dr. Hsu" or "Movant") respectfully submits this Memorandum of Law in Opposition to Competing Motions to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel. Dkt. Nos. 13, 14, and 17.

Dr. Hsu, as explained in his Motion for Lead Plaintiff and Approval of Lead Plaintiff's Selection Counsel, is a sophisticated investor with over 20 years of investing experience. Dkt. No. 16-1 at 9. Dr. Hsu lives in Chicago, holds a Doctor of Medicine and is a physician. *Id*. Dr. Hsu lost approximately $221,200. Dkt. No. 16-4. No individual claims a larger loss than Dr. Hsu. *See* Dkt. Nos. 13-4, 15-4, and 19-4.

Dr. Hsu should be appointed Lead Plaintiff, and his selection of Lead Counsel should be approved.

To overcome the strong presumption entitling Dr. Hsu to be appointed Lead Plaintiff, the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such proof exists in this case, and any arguments to the contrary should be flatly rejected. Competing movants may attempt to conjure up speculative arguments to rebut the

1

presumption in favor of Dr. Hsu. Any such speculative challenge does not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive Lead Plaintiff, here Dr. Hsu, will not adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In short, Dr. Hsu should be appointed Lead Plaintiff, his selection of Lead Counsel should be approved, and the competing motions should be denied.

## ARGUMENT

### I.    DR. HSU SHOULD BE APPOINTED LEAD PLAINTIFF

"The court … must appoint a 'lead plaintiff,' adopting the rebuttable presumption that the 'most adequate plaintiff' (1) has either filed the complaint or made a motion to be appointed lead plaintiff, (2) has the largest financial interest in the relief sought by the putative class, and (3) otherwise satisfies FED. RULE CIV. P. 23." *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 477 n.1 (5th Cir. 2001) (citing 15 U.S.C. § 78u–4(a)(3)(B)(i)–(iii)). "The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical." *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) ("In appointing a lead plaintiff, the court's first duty is to identify the movant that is presumptively entitled to that status. The process begins with the identification of the movant with 'the largest financial interest in the relief sought by the class.'") (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(bb)). The Court must start with Dr. Hsu as he has the largest financial interest.

As Dr. Hsu has made a *prima facie* demonstration of his typicality and adequacy (Dkt. No. 16-1 at 7), and has the largest financial interest (Dkt. Nos. 16-1 at 6 and 16-4), Dr. Hsu is the

presumptive lead plaintiff. *In re Cassava Scis., Inc. Sec. Litig.*, 342 F.R.D. 413, 418 (W.D. Tex. 2022) ("At this stage, [Dr. Hsu] only has to make a prima facie case for typicality and adequacy.") (citing *In re Cavanaugh*, 306 F.3d at 730); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) (proposed lead plaintiff must make a "preliminary showing that it has claims typical to those of the putative class and has the capacity to provide adequate representation for those class members.") (internal citations omitted). Because no movant has rebutted the presumption in favor of Dr. Hsu with proof that he is inadequate or atypical, Dr. Hsu must be appointed Lead Plaintiff.

Movant fulfills all of the requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class and Movant's claims are typical of the claims of members of the class.

Speculative challenges do not satisfy the PSLRA's requirement that the presumptively most adequate plaintiff may only be rejected if a rival movant presents "proof" that the presumptive lead plaintiff, here Dr. Hsu, will not adequately represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 2016 WL 1625774, at *5 (N.D. Tex. Apr. 25, 2016) ("speculative assertions are insufficient to rebut the presumption that [Dr. Hsu] is the most adequate plaintiff."); *Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) ("[C]onclusory assertions of inadequacy are, however, insufficient to rebut the statutory presumption under the PSLRA without specific support in evidence …"); *Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 403-04 (S.D.N.Y. 2004) (emphasizing that the PSLRA requires proof of inadequacy and not mere "speculation").

## II.   DR. HSU'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject

3

to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Dr. Hsu has selected The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. Rosen Law has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. Nos. 16-1 at 9-10; 16-5 at 10-16. Indeed, Rosen Law is one of the preeminent securities class action law firms in the country. Rosen Law has served as sole and co-lead counsel in numerous cases around the country has recovered hundreds of millions of dollars for investors. Dkt. No. 16-5 at 16-20. In 2019 alone, the ISS Institutional Securities Class Action Services ranked Rosen as the Number 3 securities class action firm both in terms of amount recovered for investors–$438,340,000–and the number of settlements–12.[1] Founding partner Laurence Rosen was also recognized by Law360 as a Titan of Plaintiffs Bar for 2020.[2]

Dr. Hsu's selected Liaison Counsel, Cochran Law PLLC and its attorneys, is experienced in class actions and practice in Texas courts. Dkt. No. 16-7 at 2.

## III. COMPETING MOTIONS SHOULD BE DENIED

The competing motions should be denied as Dr. Hsu satisfies the requirements of Rule 23, has the greatest financial interest in the litigation, and should therefore be appointed Lead Plaintiff without further analyses. *In re Cavanaugh,* 306 F.3d 726, 732 (9th Cir. 2002) ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time,

---

[1] https://www.issgovernance.com/file/publications/ISS-SCAS-Top-50-of-2019.pdf. at p. 6-9.
[2] https://www.law360.com/articles/1254748/titan-of-the-plaintiffs-bar-rosen-law-firm-s-laurence-rosen.

starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical.").

Because Dr. Hsu is the presumptive lead plaintiff and no movant has come forward with the requisite proof to rebut the presumption in favor of Dr. Hsu, the Court need not reach consideration of the competing movants. That said, some facts bear noting about the competing movants.

### A. Michael Berry Inflated Losses by Including Losses on Shares Sold Prior to Corrective Disclosures

Michael Berry substantially inflated his financial interest by crediting losses on shares sold prior to any corrective disclosure. Dkt. Nos. 18-1 at 1,5 and 19-4. The Supreme Court explained in *Dura*, "If [. . .] the purchaser sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Dura,* 544 U.S. at 342. "In *Dura*[], the Supreme Court distinguished between economic losses and recoverable damages." *Foster v. Maxwell Techs., Inc.*, 2013 WL 5780424, at *3 (S.D. Cal. Oct. 24, 2013) (citing *Dura,* 544 U.S. at 342).

Therefore, Courts do not credit in-and-out losses at the lead plaintiff stage. *See e.g., Marjanian v. Allied Nevada Gold Corp.*, 2014 WL 12769810, at *3 (D. Nev. Nov. 7, 2014) ("[o]nly losses sustained after the misrepresentation 'become generally known' are recoverable. This prevents inflated claims of losses that could have been caused 'not [by] the earlier misrepresentation, but changed economic circumstances, changed investor expectations, new industry-specific or firm-specific facts, conditions, or other events, which taken separately or together account for some or all of that lower price.'") (citing *Dura,* 544 U.S. at 346 and 343); *Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814, at *6 (N.D. Cal. Feb. 15, 2011) ("Because *Dura* and its progeny create a potential distinction between actual losses and

recoverable damages and because a plaintiff's financial interest in the case is more strongly tied to the latter, the Court will first compare each movant's potential recovery."); *Hurst v. Enphase Energy, Inc.*, 2020 WL 7025085, at \*4 (N.D. Cal. Nov. 30, 2020) ("Considering the guidance of *Dura*, *Metzler*, and *In Re Oracle Securities Litigation* that recoverable losses must be traceable to the alleged fraud instead of ordinary market forces, along with the factual circumstances alleged in this case, the Court is satisfied that the recoverable loss method is the most appropriate method to apply here in appointing lead plaintiff. While loss causation in some securities cases can prove onerous, for example where there are multiple partial corrective disclosures over a long period of time, such is not the case here. Plaintiffs allege a single, discrete, corrective disclosure[.]") (citing *Dura,* 544 U.S. 336; *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049 (9th Cir. 2008); and *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376 (9th Cir. 2010)); *In re Comverse Technology, Inc. Securities Litigation*, 2007 WL 680779, at \*4 (E.D.N.Y. March 2, 2007) ("[U]nder Dura and its progeny, any losses that [movant] may have incurred before [Defendant's] misconduct was ever disclosed to the public are not recoverable, because ***those losses cannot be proximately linked to the misconduct at issue in this litigation.*** While the Dura Court decided a motion to dismiss, and not a lead plaintiff motion, the logical outgrowth of that holding is that ***any such losses must not be considered in the recoverable losses calculation that courts engage in when selecting a lead plaintiff.***") (emphasis added); *Kops v. NVE Corp.*, 2006 WL 2035508, at \*5 (E.D.Minn. July 19, 2006) (refusing to credit competing plaintiff's in-and-out losses).

In addition to the considerable legal question of whether "in-and-out" traders have compensable damages in this case, there are practical reasons to refrain from appointing individuals who have substantial "in-and-out" trades as lead plaintiffs.  In *In re Bally Total*

6

*Fitness Sec. Litig.*, 2005 WL 627960 at \*6 (N.D. Ill. Mar. 15, 2005), the Court refused to appoint an "in-and-out" trader as lead plaintiff because it would "have to use considerable resources to establish that even though it was an in-and-out trader, its losses nevertheless were caused by the alleged fraudulent statements."  And it bears noting that when courts have nonetheless appointed "in-and-out" purchasers as lead plaintiffs, this practice has led to summary judgment being granted against the lead plaintiff for failure to show any damages—hardly a desirable result.  *See e.g., In re Compuware Sec. Litig.*, 386 F.Supp.2d 913, 920 (E.D. Mich. 2005) (granting summary judgment to defendants because plaintiff had sold defendant's shares before disclosure of the misrepresentation).

**CONCLUSION**

For the foregoing reasons, Dr. Hsu's motion should be granted in its entirety and the competing motions should be denied.

Dated: April 3, 2023.                                   Respectfully submitted,

**COCHRAN LAW, PLLC**

*/s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
stuart@scochranlaw.com

*[Proposed] Liaison Counsel for
Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (*pro hac vice* to be filed)
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060

7

Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF WORD COUNT

I hereby certify that on this 3rd day of April 2023, the above Movant Vince Hsu's Opposition to Competing Lead Plaintiff Motions contains 1,893 words.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of April 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran