**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| ARTHUR TEROGANESIAN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>    Defendants. | **Case No: 4:23-cv-115**<br><br>CLASS ACTION<br><br>JUDGE DREW B. TIPTON |

**MOVANT VINCENT HSU'S REPLY IN FURTHER
SUPPORT OF HIS LEAD PLAINTIFF MOTION**

Lead Plaintiff movant Vincent Hsu ("Dr. Hsu" or "Movant") respectfully submits this reply in further support of his lead plaintiff motion. Dkt. No. 16.

Dr. Hsu is the presumptive lead plaintiff under the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and his motion should be granted. It is undisputed that Dr. Hsu has the largest losses. Dkt. Nos. 25 at 5, 28 at 8, and 26 at 2. Dr. Hsu has made the requisite *prima facie* showing of adequacy and typicality, and is the presumptive lead plaintiff. Dr. Hsu is a medical doctor. Dkt. No. 16 at 9. He lives in Chicago, Illinois. *Id*. He has been investing for over 20 years. *Id*. Not surprisingly, the movant with the second largest loss, Dave Carlson, does not even dispute Dr. Hsu's adequacy or typicality in any way. Dkt. No. 25.

In opposition, competing movant Michael Berry ("Mr. Berry"), with the third largest loss, attempts to rebut the presumption in favor of Dr. Hsu by arguing that Dr. Hsu's options transactions somehow render Dr. Hsu inadequate or atypical. Mr. Berry's speculative arguments are without merit and fall well short of the requisite proof required to rebut the presumption in

1

favor of Dr. Hsu. As such, Dr. Hsu's motion should be granted, and the competing motions should be denied.

## I.    DR. HSU SHOULD BE APPOINTED LEAD PLAINTIFF

### A. Dr. Hsu has the Largest Financial Interest and Made the Requisite *Prima Facie* Showing of Adequacy and Typicality

Under the PSLRA, the presumptive Lead Plaintiff is the movant with the largest loss that makes a *prima facie* showing of adequacy and typicality. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

It is undisputed that Dr. Hsu has the largest compensable losses under the claims of the complaint. Thus, Dr. Hsu has the largest financial interest. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(bb).

Dr. Hsu has made the requisite *prima facie* showing of adequacy and typicality. Dr. Hsu, as explained in his opening and opposition papers, lives in Chicago, Illinois with over 20 years of investing experience, holds a medical degree, and is a physician. Dkt. Nos. 16 at 9 and 27 at 1; *see also* Dkt. No. 16-3. Therefore, Dr. Hsu has made the requisite showing of adequacy and typicality. Indeed, the competing movant with the second largest loss, Dave Carlson, does not argue and thus concedes that Dr. Hsu is adequate and typical. *See* Dkt. No. 27 at 2-3 (citing *In re Cassava Scis., Inc.*, 342 F.R.D. 413, 418 (W.D. Tex. 2022) ("At this stage, [Dr. Hsu] only has to make a prima facie case for typicality and adequacy.") (citing *In re Cavanaugh,* 306 F.3d 726, 730 (9th Cir. 2002)).

### B. Mr. Berry Fails to Rebut the Lead Plaintiff Presumption in Favor of Dr. Hsu; Options and Stock Transactions are Securities Transactions included in the Class.

Because Dr. Hsu is entitled to Lead Plaintiff presumption, Mr. Berry must come forward with *proof* that Dr. Hsu is inadequate or atypical under Rule 23. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) ("The presumption … may be rebutted only upon proof …") (emphasis added).

"A named plaintiff meets the adequacy requirement if its interests are 'sufficiently aligned with those of the other class members.'" *In re Waste Mgmt., Inc. Sec. Litig.*, 2002 WL 35644013, at *15 (S.D. Tex. May 10, 2002), *amended,* 2003 WL 27380802 (S.D. Tex. July 31, 2003) (quoting *Jenkins v. Raymark Indus., Inc.*, 109 F.R.D. 269, 273 (E.D. Tex. 1985), *aff'd*, 782 F.2d 468 (5th Cir. 1986)).

Typicality requires "that the claims of the class representative not differ significantly from the claims of the class as a whole." *Waste Mgmt., Inc. Sec.*, 2002 WL 35644013, at *14 (citing cases); *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 435 (S.D. Tex. 2010) ("To make such a preliminary showing, potential lead plaintiffs need not submit evidentiary proof of typicality or adequacy.") (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997)).

Dr. Hsu is not subject to any unique defenses. Indeed, there is no real concern that Dr. Hsu's involvement would derail the case. *Hall v. Medicis Pharm. Corp.*, 2009 WL 648626, at *4 (D. Ariz. Mar. 11, 2009) ("[Mr. Berry] has explicitly declined to offer any evidence that [Dr. Hsu's] specific options are themselves atypical.").

In an effort to rebut the presumption in favor of Dr. Hsu, Mr. Berry argues that stock options and shares purchased in connection with those stock options somehow render Dr. Hsu inadequate or atypical. These speculations are nonsense.

First, Dr. Hsu is not subject to any disabling unique defense. Options are included in the class, as the complaint defines the class as those "who purchased or otherwise acquired publicly traded Southwest Airlines securities …" Dkt. No. 1 ¶ 1. Options are securities. The stock Dr. Hsu purchased via the stock options were purchased during the Class Period. There is nothing unique about Dr. Hsu that would not make him similarly situated as to other members of the

Class. Indeed, in selling put options *and* then buying Southwest stock, Dr. Hsu, like those who only purchased Southwest stock were both betting that the price of Southwest stock would rise.[1] Thus, Dr. Hsu has the same incentive to prove fraud like those who only purchased Southwest stock. *See Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at \*3-4 (W.D. Tex. Nov. 6, 2017) ("It is not necessary that a proposed lead plaintiff's claims be identical to the claims of other class members. … Accordingly, the Court finds that [Dr. Hu's] claims are typical of the class. … [Dr. Hsu] states that there is no antagonism between his interests and those of putative class members, and because of his losses, he has a sufficient interest in the outcome of this action and will fairly and adequately protected the interests of the class. [Dkt. No. 16 at 8-9]. Accordingly, the Court finds that [Dr. Hsu] is an adequate representative of the class.")

Second, Mr. Berry's cases are off-the-mark. Many of his cases feature a movant who *only* transacted in options. In *Applestein v. Medivation Inc.*, the movant "did not own a single share of Medivation stock during the class period." 2010 WL 3749406, at \*4 (N.D. Cal. Sept. 20, 2010). In *In re Elan Corp. Sec. Litig.*, the movant "traded ***exclusively*** in call options, not common stock or ADRs." 2009 WL 1321167, at \*2 (S.D.N.Y. May 11, 2009) (emphasis added). In *Gelt Trading, Ltd. v. Co-Diagnostics, Inc.*, the movant's losses "were based entirely upon the purchase of call options." 2021 WL 913934, at \*4 (D. Utah Mar. 10, 2021). In *In re Stitch Fix, Inc. Sec. Litig.*, the movant "sold only Stitch Fix put options during the class period and he did not buy or sell any Stitch Fix common stock." 393 F. Supp. 3d 833, 836 (N.D. Cal. 2019).

---

[1] "An investor would choose to sell a …. put option if their outlook on the underlying security was that it was going to rise[.]" Put Option vs. Call Option: When to Sell, *Investopedia*, https://www.investopedia.com/ask/answers/06/sellingoptions.asp, last visited April 10, 2023.

4

Here, Dr. Hsu bought and held 20,000 shares of Southwest stock (and, unlike Mr. Berry, Dr. Hsu held all of those shares throughout the Class Period and through the corrective disclosures). Dkt. No. 16-3 and 16-4.

In *Scheller v. Nutanix, Inc.*, the movant was not a member of the class. 2021 WL 2410832, at *6 (N.D. Cal. June 10, 2021). Options are securities which are included in this class. Dkt. No. 1 ¶ 1.

In *Patel v. Reata Pharms., Inc.*, the movant whose *losses* were solely from options also bought stock *but* he "actually experienced a profit of approximately $35,060.00, having sold his 2,000 shares of Reata common stock before the end of the Class Period." 549 F. Supp. 3d 559, 565 (E.D. Tex. 2021). The Court discussed throughout that it found that "another factor has been presented that calls into question his typicality and adequacy: ***Massar made a material profit from his common-stock investments***." *Id*. at 568 (emphasis added). Unlike that movant, Dr. Hsu has a large loss on his common stock transactions. Dkt. No. 16-3 and 16-4.

*Micholle v. Ophthotech Corp.*, involved an improper lawyer made group that traded extensively in call and put options, another movant was denied for errors in submissions, and an institutional investor was appointed. 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018) (citing *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (noting many courts' preferences to appoint institutional investors)). Dr. Hsu only sold put options and bought stock, therefore he does not raise all of the same concerns as the group members in *Micholle* nor do his filings feature the errors and issues identified in that case.

Finally, options are often included in securities class actions as "a put options seller, upon proof of market efficiency in the underlying stock, is generally entitled to a rebuttable presumption of reliance." *In re Sci.-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1329 (N.D.

Ga. 2007) (citing cases). Indeed, this is true for options traders like stock traders from the complaint filing to resolution including at the more searching class certification stage. *E.g.*, *In re Commc'ns Sys., Inc.*, 2003 WL 21383824, at *4–5 (N.D. Cal. Feb. 24, 2003) (certified class including stock and options); *McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 421 (S.D.N.Y. 2014) (same); *In re OCA, Inc. Sec. & Derivative Litig.*, 2009 WL 512081, at *3 (E.D. La. Mar. 2, 2009) (certified settlement class including stock and options).

*     *     *

Mr. Berry, in addition to inflating his losses (Dkt. Nos. 25 at 3-5 and 27 at 5-7), also apparently intends to cut all options transactions from the class for no other reason than to be appointed lead plaintiff. Dkt. No. 28. Mr. Berry is putting his self-interest ahead of the class he seeks to represent and this weighs against his motion as "[a] lead plaintiff owes a fiduciary duty to the class." *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 448 (S.D. Tex. 2002) (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 549–50, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949)).

## CONCLUSION

For the foregoing reasons, including in Dr. Hsu's opening and opposition papers, Dr. Hsu's motion should be granted in its entirety and the competing motions should be denied.

Dated: April 10, 2023,                                                  Respectfully submitted,

**COCHRAN LAW, PLLC**

 */s/ Stuart L. Cochran*
Stuart L. Cochran
Texas Bar No.: 24027936
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
stuart@scochranlaw.com

*[Proposed] Liaison Counsel for*

*Movant and the Class*

**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen, Esq. (*pro hac vice* to be filed)
Phillip Kim, Esq. (*pro hac vice* to be filed)
275 Madison Avenue, 40th Floor
New York, NY 10116
Phone: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Movant and Class*

## CERTIFICATE OF WORD COUNT

I hereby certify that on this 10th day of April 2023, the above Movant Vince Hsu's Reply in Further Support of His Lead Plaintiff Motion contains 1,743 words.

*/s/ Stuart L. Cochran*
Stuart L. Cochran

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of April 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Stuart L. Cochran*
Stuart L. Cochran