UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARTHUR TEROGANESIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>                   Defendants. | Civil Action No. 4:23-cv-00115-DBT<br><br>**DAVE CARLSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL** |
| DAVE CARLSON, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>                   Defendants. | Civil Action No. 4:23-cv-00920-GCH |

Plaintiff and Lead Plaintiff Movant Dave Carlson ("Carlson") submits this reply memorandum of law in further support of his motion for consolidation of related actions, appointment as lead plaintiff, and approval of lead counsel (Dkt. No. 14), and in response to the oppositions to his motion filed by competing movants Vincent Hsu ("Hsu") (Dkt. No. 27, "Hsu Opp.") and Michael Berry ("Berry") (Dkt. No. 28, "Berry Opp."). Carlson should be appointed as lead plaintiff if Hsu is not appointed because Carlson has the second largest financial interest behind Hsu.[1]

## I. IF HSU IS NOT APPOINTED AS LEAD PLAINTIFF, CARLSON IS THE NEXT PRESUMPTIVELY MOST ADEQUATE PLAINTIFF TO BE APPOINTED AS LEAD PLAINTIFF

When considering movants' losses for determining financial interest, courts do not include losses on in-and-out transactions, *i.e.* shares not held over any corrective disclosure. *See* Dkt. No. 25 ("Carlson Opp.") at 2-3 (citing cases). Berry acknowledges this in his opposition when he quoted authority instructing him to exclude such losses. *See* Berry Opp. at 4 n.4 (recognizing that "the Court will not consider securities that were sold prior to the first fraud-correcting disclosure") (quoting *Robison v. Digital Turbine, Inc.*, No. 22-cv-00550, 2022 WL 17881476, at *6 (W.D. Tex. Dec. 19, 2022) (citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, (2005)). In fact, Berry cites a decision that specifically holds that "*Dura* . . . prohibit[s] parties from claiming losses for in-and-out transactions" because such losses "represent inherent market fluctuations rather than the impact of fraudulent dealings." *Digital Turbine*, 2022 WL 17881476, at *6 n.6. In spite of the law and his own citation to direct authority, Berry still attempts to include losses on in-and-out transactions.

---

[1] All movants support consolidation of the related actions. As such, only appointment of lead plaintiff and approval of lead counsel are addressed herein.

Berry again claims in his opposition that his losses are $203,192.35, which improperly includes losses on 19,000 shares that were not held over any corrective disclosure and must be matched and removed on a last-in, first-out basis. *See* Berry Opp. at 4. There are about five corrective disclosures alleged in this action: (1) June 14-15, 2021; (2) June 16, 2021; (3) October 9, 2021; (4) December 27, 2022; and (5) December 30-31, 2022. *See* Dkt. No. 14 at 3-6. Prior to the first set of disclosures in mid-June 2021, Berry sold 250 shares on May 25, 2021 and sold 750 shares on June 1, 2021. *See* Dkt. No. 19-3 (Berry's Loss Chart). Between June 17, 2021 and September 7, 2021, Berry purchased 6,000 shares that were sold before the corrective disclosure on October 9, 2021. *Id.* Between October 11, 2021 and June 27, 2022, Berry purchased and sold 12,000 shares before the corrective disclosures in December 2022. *Id.*

When these losses on in-and-out transactions are properly excluded, Berry's LIFO loss is only $120,203.62. As illustrated in Carlson's response to the competing lead plaintiff motions, excluding in-and-out transactions, Hsu has the largest financial interest and Carlson has the second largest financial interest:

| Movant | LIFO Loss (Excluding in-and-out transactions) |
|---|---|
| Vincent Hsu | $239,570.83 |
| Dave Carlson | $181,039.64 |
| Michael Berry | $120,203.62 |
| Kumaran Muthusamy | $31,461.35 |

Thus, if the Court determines that Hsu is inadequate, subject to unique defenses, or otherwise cannot represent the class in this action, Carlson should become the presumptively "most adequate plaintiff," not Berry.

II.    **NO MOVANT HAS PROVIDED INFORMATION THAT WOULD REBUT THE PRESUMPTION THAT CARLSON IS THE MOST ADEQUATE PLAINTIFF**

In the event that Hsu is deemed inadequate or atypical and the presumption as to him is rebutted, Carlson would become the presumptive lead plaintiff. Rebutting the presumption that Carlson is the most adequate plaintiff would require "proof" that Carlson is inadequate or subject to unique defenses. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(II). "[S]peculative assertions are insufficient to rebut the presumption." *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, No. 3:15-cv-3415, 2016 WL 1625774, at *5 (N.D. Tex. Apr. 25, 2016) (citation omitted).

Only Berry attempts to rebut the presumption that Carlson is the most adequate plaintiff. *See* Berry Opp. at 8-9. Berry's sole argument is that Carlson failed to provide certain background information about himself. *See id.* This attack is without merit.

As an initial matter, attacking Carlson's adequacy is a tacit admission that Berry has a smaller financial interest than Carlson. If Berry had a larger financial interest than Carlson, and Hsu were disqualified, Berry would be the presumptively most adequate plaintiff and would presumably be appointed as lead plaintiff. However, Berry resorts to attacking Carlson because it is clear that Berry has a smaller financial interest.

Regardless, Carlson is not obligated to provide the additional information Berry demands to establish adequacy at the lead plaintiff stage. As Berry's own cited authority explains, the information required of a lead plaintiff is set out in the statute and "the PSLRA does not require a movant to provide facts beyond those showing his loss, adequacy, and typicality." *Digital Turbine*, 2022 WL 17881476 at *9 (citing 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)). Carlson more than satisfied

3

this standard.[2]  And Berry does not even contest the fact that Carlson's counsel is qualified, that Carlson's interests are not antagonistic to the class, and that he has suffered a large enough loss to ensure vigorous advocacy. As such, Berry has failed to prove that Carlson is inadequate.

Instead, in one paragraph, Berry claims that the presumption as to Carlson is rebutted because he failed to provide certain information about himself. Berry Opp. at 8-9.  Even though not required, Carlson, a resident of Marco Island, Florida, already stated in his opposition memorandum that he "is a former business owner and former COO of a distribution company with more than 40 years of investing experience." *See* Carlson Opp. at 4. Authority cited by Berry in the very paragraph attacking Carlson confirms this is more than sufficient to stave off Berry's specious claims of inadequacy. *See Patel v. Reata Pharms., Inc.*, 549 F. Supp. 3d 559, 569 (E.D. Tex. 2021) ("The Court is not persuaded by Retirement System's argument that Francis failed to present enough to show that he is typical and adequate" when he stated that "he 'lives in New York[,] has been investing for over [twenty-five] years . . . has a college degree[,] and works in real estate and general contracting.'"); *see also Digital Turbine*, 2022 WL 17881476 at *9 ("Given that Burch has provided sufficient information to convince the Court he satisfies the PSLRA's requirements, there is no legal basis for the Fund Group's request for more personal information" when Burch had "explained that he is a 'retired business owner that resides in Kinneoln, New Jersey, and has been managing his own investments for more than 15 years.'"). !

---

[2] Berry even confirms this is all that is required. *See* Berry Opp. 18 at 6 ("The adequacy requirement, in turn, is satisfied where: '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy.'") (quoting *Brody v. Zix Corp.*, No. 3:04-cv-1931, 2005 WL 8158375, at *8 (N.D. Tex. July 11, 2005)).

## III.   CONCLUSION

For the foregoing reasons, if Hsu is disqualified from consideration for appointment as lead plaintiff, Carlson should be appointed, his selection of counsel should be approved, and the remaining competing motions should be denied.

Dated: April 10, 2023

Respectfully submitted,

**KENDALL LAW GROUP, PLLC**

*/s/ Joe Kendall*
Joe Kendall
Texas Bar No. 11260700
SDTX Bar No. 30973
3811 Turtle Creek Blvd., Suite 1450
Dallas, Texas 75219
Telephone: (214) 744-3000
Facsimile: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Local Counsel for Lead Plaintiff Movant Dave Carlson and Proposed Local Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant Dave Carlson and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel for Plaintiff*

5

## CERTIFICATION OF WORD COUNT

I hereby certify pursuant to Your Honor's Court Procedures Rule 16.c. that this brief contains 1,232 words.

/s/ Joe Kendall
Joe Kendall

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, April 10, 2023, a true and correct copy of the foregoing

document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Joe Kendall*
Joe Kendall
