**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| ARTHUR TEROGANESIAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST AIRLINES CO., GARY KELLY, TAMMY ROMO, and ROBERT E. JORDAN,<br><br>Defendants. | Case 4:23-cv-115<br><br>CLASS ACTION |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR RECONSIDERATION,
INTERLOCUTORY APPEAL, AND REQUEST FOR HEARING**

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ........................................................................................... 1

ARGUMENT ................................................................................................................... 4

I.      DEFENDANTS HAVE NO GROUNDS FOR RECONSIDERATION ............................ 4

II.     DEFENDANTS CANNOT REGURGITATE FAILED ARGUMENTS ............................ 9

III.    DEFENDANTS HAVE NO GROUNDS FOR INTERLOCUTORY APPEAL ............ 144

CONCLUSION ............................................................................................................ 222

# TABLE OF AUTHORITIES

*Page(s)*

Cases

*Arya Risk Mgmt. Sys. v. Dufossat Cap. Puerto Rico, LLC*,
2021 WL 1554336 (S.D. Tex. Mar. 29, 2021) .......................................................9

*Bryant v. Apple South, Inc.*,
25 F. Supp. 2d 1372 (M.D. Ga. 1998),
*vacated on other grounds by*
*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271 (11th Cir. 1999) ...........................................................................18

*Bryant v. Avado Brands, Inc.*,
187 F.3d 1271 (11th Cir. 1999)............................................................................18

*Chauvin v. State Farm Mut. Auto. Ins. Co.*,
2007 WL 4365387 (E.D. La. Dec. 11, 2007) .......................................................20

*Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*,
570 F.3d 219 (5th Cir. 2009)................................................................................19

*Employees' Ret. Sys. v. Whole Foods Mkt., Inc.*,
905 F.3d 892 (5th Cir. 2018) ...............................................................................13

*Fannie Mae v. Hurst*,
613 F. App'x 314 (5th Cir. 2015)..........................................................................14

*Gamboa v. Citizens, Inc.*,
2018 WL 2107205 (W.D. Tex. May 7, 2018),.......................................................13

*Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
514 F. Supp. 3d 942 (S.D. Tex. 2021)....................................................................9

*Goldstein v. MCI WorldCom*,
340 F.3d 238 (5th Cir. 2003) ...............................................................................13

*Gomez v. Bidz.com*, Inc.,
2011 WL 13190130 (C.D. Cal. Feb. 2, 2011) ........................................................8

*Hartz v. Administrators of Tulane Educ. Fund*,
275 F. App'x 281 (5th Cir. 2008)..............................................................................19

*In re Alta Mesa Res., Inc. Sec. Litig.*,
676 F. Supp. 3d 485 (S.D. Tex. 2023).........................................................................8

*In re BP p.l.c. Sec. Litig.*,
2015 WL 926199 (S.D. Tex. Mar. 4, 2015) ..............................................................18

*In re BP p.l.c. Sec. Litig.*,
2018 WL 501594 (S.D. Tex. Jan. 19, 2018) ...............................................................5

*In re Cobalt Int'l Energy, Inc., Sec. Litig.*,
2016 WL 949065 (S.D. Tex. Mar. 14, 2016) ...................................... 4, 16, 20, 21

*In re Dot Hill Sys. Corp. Sec. Litig.*,
594 F. Supp. 2d 1150 (S.D. Cal. 2008) ....................................................................12

*In re Dynex Capital, Inc. Securities Litigation*, 2006 WL 1517580, at *3 (S.D.N.Y.
June 2, 2006)………………………………………………………………………18

*In re Enron Corp. Sec., Deriv. & ERISA Litig.*,
2006 WL 3447709 (S.D. Tex. Nov. 21, 2006)...........................................................16

*In re Enron Corp. Sec., Derivative & ERISA Litig.*,
2003 WL 22331268 (S.D. Tex. Apr. 22, 2003) ..........................................................5

*In re Express Scripts Holdings Co. Sec. Litig.*,
773 F. App'x 9 (2d Cir. 2019)..................................................................................12

*In re Kosmos Energy Ltd. Sec. Litig.*,
955 F. Supp. 2d 658 (N.D. Tex. 2013)........................................................................8

*In re Tenaris S.A. Sec. Litig.*,
2021 WL 2843204 (E.D.N.Y. July 1, 2021) ............................................................21

*Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.*,
537 F.3d 527 (5th Cir. 2008)............................................................................ 4, 17

*La. Indep. Pharms. Assoc. v. Express Scripts, Inc.*,
41 F. 4th 473 (5th Cir. 2022).....................................................................................19

iii

*Lee v. Active Power, Inc.*,
    2014 WL 4337860 (W.D. Tex. Sept. 2, 2014) .......................................... 15, 16, 17

*Lefebure v. D'Aquilla*,
    15 F. 4th 650 (5th Cir. 2021) ....................................................................19

*Linenweber v. Southwest Airlines Co.*,
    693 F. Supp. 3d 661 (S.D. Tex. 2023)........................................... 3, 13, 14

*McNamara v. Bre-X Minerals Ltd.*,
    57 F. Supp. 2d 396 (E.D. Tex. 1999) ........................................................8, 9

*Morales v. OK Trans, Inc.*,
    2024 WL 3223676 (S.D. Tex. June 18, 2024) ............................................19

*Neiman v. Bulmahn*,
    854 F.3d 741 (5th Cir. 2017) ....................................................................12

*Oklahoma Firefighters Pens. and Ret. Sys. v. Xerox Corp.*,
    300 F. Supp. 3d 551 (S.D.N.Y. 2018) .......................................................13

*Oliver v. CitiMortgage, Inc.*,
    2014 WL 1265950 (N.D. Tex. Mar. 27, 2014) ..........................................4

*Owens v. Jastrow*,
    789 F.3d 529 (5th Cir. 2015) ....................................................................13

*Plan v. Pier 1 Imports, Inc.*,
    325 F. Supp. 3d 728 (N.D. Tex. 2018)......................................................10

*Reese v. BP Expl. (Alaska) Inc.*,
    643 F.3d 681 (9th Cir. 2011) ....................................................................17

*Rodriguez v. City of Corpus Christi*,
    No. 2:21-CV-00297, 2023 WL 6371029 (S.D. Tex. June 10, 2023),
    *appeal dismissed by*
    No. 23-40215, 2023 WL 6871657 (5th Cir. Aug. 7, 2023)..................... 15, 16, 20

*Saddle Creek Energy Dev. v. Eagle Domestic Drilling Operations*,
    2007 WL 1702398 (S.D. Tex. June 12, 2007) ................................... 3, 15

*Schleicher v. Wendt*,
    2007 WL 4580035 (S.D. Ind. Dec. 27, 2007) ..........................................21

iv

*Shah v. Zimmer Biomet Holdings, Inc.*,
2019 WL 762510 (N.D. Ind. Feb. 20, 2019) ..........................................................3

*Singh v. Cigna Corp.*,
918 F.3d 57 (2d Cir. 2019) .................................................................................12

*South Ferry LP, No. 2 v. Killinger*,
542 F.3d 776 (9th Cir. 2008) ..............................................................................17

*Teamsters Loc. 445 Freight Div. Pens. Fund v. Dynex Cap. Inc.*,
531 F.3d 190 (2d Cir. 2008) ...............................................................................17

*Torres v. Berry Corp.*,
2022 WL 18830845 (N.D. Tex. Nov. 9, 2022) ........................................... passim

*Torres v. Berry Corp.*,
2022 WL 18715989 (N.D. Tex. Sept. 13, 2022) ................................................6, 8

*Town of Davie Police Pens. Plan v. Pier 1 Imports, Inc.*,
325 F. Supp. 3d 728, 748 (N.D. Tex. 2018),
*aff'd sub nom.*
*Municipal Employees' Ret. Sys. of Mich.*,
935 F.3d 424 (5th Cir. 2019) ......................................................................... 10, 11

*United States v. Planned Parenthood Fed'n of Am., Inc.*,
2022 WL 2718612 (N.D. Tex. July 13, 2022) ....................................................16

*Westside Ventures, Ltd. v. Houston Cmty College Sys. Dist.*,
2024 WL 1348445 (S.D. Tex. Mar. 29, 2024) ............................................ passim

*Williams v. WMX Techs., Inc.*,
112 F.3d 175 (5th Cir. 1997) ......................................................................... 4, 18

*Yoshikawa v. Exxon Mobil Corp.*,
2022 WL 4677621 (N.D. Tex. Sept. 29, 2022) ..................................................12

Plaintiffs oppose Defendants' motion for reconsideration and interlocutory appeal (the "Motion") of the December 5, 2024 order (the "Order").[1]

## SUMMARY OF ARGUMENT

Defendants' Motion misconstrues the Order, is meritless, and must be denied. The Order clearly states that the Court denied Defendants' MTD "[a]fter reviewing the [MTD], the Response, the record and the applicable law". Order 1.  Despite this confirmation of the Court's comprehensive analysis, Defendants irreconcilably accuse the Court of denying the MTD without making any determination whatsoever that Plaintiffs satisfied their pleading burden. Mot. 2, 10. Defendants ignore the plain text of the Order, quibble with its length, and insult the Court, but their Motion is groundless and offers no basis for granting the extreme remedy of reconsideration or the even more extreme remedy of interlocutory appeal.

Defendants do not come close to satisfying the high bar for reconsideration, which courts only rarely grant where there is clear error. As this Court recently explained, a court only abuses its discretion in denying reconsideration when its ruling is based on an erroneous view of the law or facts. *Westside Ventures, Ltd. v. Houston Cmty College Sys. Dist.*, 2024 WL 1348445, at *2 (S.D. Tex. Mar. 29,

---

[1] "¶_" and undefined terms refer to the "Complaint" (ECF No. 51). "Mot." refers to the Motion (ECF No. 65). "MTD" refers to Defendants' motion to dismiss (ECF No. 57). "Opp." refers to Plaintiffs' opposition to the MTD (ECF No. 59). Emphasis added unless noted.

2024). Defendants do not (and indeed cannot) show the Order was based on any error. *Id*. Defendants merely disagree with the Order, but that is not grounds for reconsideration.

Defendants likewise complain that the Order was not long enough, but that is also not grounds for reconsideration. There is no length requirement; some decisions are longer than others. So what? This Court expressly stated that it made its findings after reviewing the briefing, the record, and the applicable law (which the parties detailed). *See* MTD 13-15; 18-20; Opp. 8-12; 15-18. Defendants may have wanted more to pick at, but they cannot ignore the text of the Order, and their claim that this Court – knowledgeable of the law – waited months only to blindly punt on every issue until summary judgment is fundamentally wrong.

It is clear Defendants want a second chance to argue their MTD, but that is not grounds for reconsideration either. *See* Mot. 17-21. Reconsideration is not the place to rehash evidence or arguments, or to make new arguments that could have been made before. *Torres v. Berry Corp.*, 2022 WL 18830845, at *1 (N.D. Tex. Nov. 9, 2022). Accordingly, Defendants' request for a hearing to regurgitate their failed falsity and scienter arguments must be denied, and Plaintiffs should not have to address these failed arguments again.

Regardless, Defendants' rehashed arguments and gross mischaracterizations of the Complaint fare no better the second time. *See* Mot. 17-21. Plaintiffs' detailed

Complaint alleges Defendants materially misrepresented the quality of Southwest's Systems – not that the Systems were "infallible". Mot. 17. Plaintiffs alleged that the Unions warned Defendants for years that these Systems were radically deficient and would crash if just 200-300 of the airline's 4,000 daily flights were canceled on short-notice (the "Vulnerability"). ¶¶196, 296. Defendants concealed this Vulnerability and how profoundly it exposed Southwest to major disruptions. *See, e.g.*, ¶¶18, 242, 243. Defendants weakly reargue that Southwest warned disruptions could occur, but Southwest only misleadingly "warned" of generic risks facing all airlines, not of Southwest's unique and urgent Vulnerability. *Compare* Mot. 16. Defendants also fail again to liken this case, involving very context-specific statements, to *Linenweber v. Southwest Airlines Co.*, 693 F. Supp. 3d 661 (S.D. Tex. 2023) (Mot. 2, 14-15, 17), where general, aspirational, out-of-context statements were dismissed. *Id*. *See* Opp. 9-10; *infra* 13-14.

Finally, Defendants' alternative request for interlocutory appeal is even weaker than their bankrupt request for reconsideration. Interlocutory appeals "are exceptional". *See Westside Ventures*, 2024 WL 1348445, at *2. Moreover, "a denial of a motion to dismiss [] is [generally] not appropriate for interlocutory appeal." *Saddle Creek Energy Dev. v. Eagle Domestic Drilling Operations*, 2007 WL 1702398, at *3 (S.D. Tex. June 12, 2007); *cf. Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510, at *1 (N.D. Ind. Feb. 20, 2019) (rejecting interlocutory appeal of

3

denial of motion to dismiss in PSLRA case). Far from demonstrating exceptional circumstances, Defendants only highlight why their request must be denied.

First, Defendants identify no controlling legal question where there is a substantial difference of opinion implicated by the Order – in stark contrast to Defendants' cited cases where the controlling law significantly changed due to new legislation or a major Supreme Court decision and, thus, presented extraordinary circumstances. *See* Mot. 22 (citing *Ind. Elec. Workers' Pension Tr. Fund IBEW v. Shaw Grp., Inc.,* 537 F.3d 527 (5th Cir. 2008) (post-*Tellabs*); *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (PSLRA enacted)).

Second, Defendants fail to show that an immediate appeal may materially advance the termination of the litigation because Defendants request a longer, more detailed Order – but a longer Order would only reach the same conclusions. Moreover, even in the unlikely event Defendants' appeal is successful, Plaintiffs would still have the right to amend the Complaint. *In re Cobalt Int'l Energy, Inc., Sec. Litig.*, 2016 WL 949065, at *6 (S.D. Tex. Mar. 14, 2016).

Accordingly, Defendants' Motion should be denied in its entirety.

## ARGUMENT

## I.   DEFENDANTS HAVE NO GROUNDS FOR RECONSIDERATION

"[M]otions [for reconsideration] are disfavored and are rarely granted." *Oliver v. CitiMortgage, Inc.*, 2014 WL 1265950, at *1 (N.D. Tex. Mar. 27, 2014) (alteration

4

in original). The Fifth Circuit explained that the extreme remedy of reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Torres*, 2022 WL 18830845, at *1. Rather, reconsideration "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

This Court further explained that "[a] district court has discretion to deny motions for reconsideration and only 'abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence.'" *Westside Ventures*, 2024 WL 1348445, at *2. Courts properly and routinely deny motions for reconsideration in securities cases like this one that do not identify any manifest errors. *See*, *e.g.*, *In re BP p.l.c. Sec. Litig.*, 2018 WL 501594, at *5 (S.D. Tex. Jan. 19, 2018) (no "manifest error of law or fact with regard to falsity or scienter"); *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 2003 WL 22331268, at *2 (S.D. Tex. Apr. 22, 2003) (same).

There is no question Defendants' Motion must be denied because it does not identify any error whatsoever in the Order. Instead, Defendants bafflingly focus exclusively on the Order's post-holding statement that "the issues are better suited for a summary judgment motion" to wrongly accuse the Court of sitting on the motion for months only to defer consideration of all pleading stage requirements.

5

*See* Mot. 2 (quoting Order) (ECF No. 62); *see also* Mot. 3, 5, 7, 10. Defendants'

accusation is irreconcilable with the Court's unequivocal pre-holding confirmation

that it performed a comprehensive analysis. *See* Order 1 ("After reviewing the

Motion, the Response, the record and the applicable law, the Court is of the opinion

that it should be DENIED"). Defendants' failure to identify any error is dispositive.

At most, Defendants disagree with the Order, and want a more detailed order

to pick at, but those are not grounds for reconsideration. Tellingly, Defendants cite

no authority requiring a court to specify reasons for its decisions or to satisfy a page

length – because no such requirements exist. All Defendants do is ineffectively try

to pad their brief with a random list of longer decisions that are entirely meaningless

here. *See* Mot. 13-16. Some courts write longer decisions than others. Big deal.

In fact, Defendants' bankrupt argument that "more" was required in the Order

was flatly rejected in *Torres*, another securities case. 2022 WL 18830845, at *1. The

*Torres* court, like this Court, issued a succinct order denying defendants' motion to

dismiss. *See Torres v. Berry Corp.*, 2022 WL 18715989, at *1 (N.D. Tex. Sept. 13,

2022) (acknowledging the applicable law and denying the motion in three sentences,

finding "Plaintiffs have adequately specified at least some allegedly misleading

statements or omissions" and "though Plaintiffs have pleaded the requisite strong

inference of scienter for surviving a motion to dismiss, the Court anticipates that it

will revisit this issue at a later phase in the litigation after discovery takes place").

6

The defendants in *Torres*, like here, moved for reconsideration, arguing that "the Court's Order denying their Motion to Dismiss should [have] individually evaluate[d] each challenged statement in light of the PSLRA's heightened pleading requirements." *Torres*, 2022 WL 18830845, at *1. *Compare* Mot. 17. The *Torres* court denied reconsideration, finding, as this Court must, that "[d]efendants rehash their Motion to Dismiss arguments [but] failed to show that the Order contains any manifest errors of law" and "raise no errors of fact, newly discovered evidence, or changes in controlling law." 2022 WL 18830845, at *1. *Torres* further shows there is no authority demanding courts proceed "statement-by-statement" and "defendant-by-defendant" when analyzing motions to dismiss in PSLRA cases. *Compare* Mot. 17.

Like *Torres*, other courts have also properly denied motions to dismiss in securities cases with relatively short decisions – particularly where there are detailed and exhaustive pleadings like the Complaint. *See*, *e.g.*, *In re The Boeing Co. Sec. Litig.*, No. 1:24CV00151, slip op. at 1 (E.D. Va. Sept. 6, 2024) (Dkt. No. 62) ("For the reasons stated in open court, the Defendants' motion to dismiss for failure to state a claim is denied") (Exhibit A hereto); *see also In re The Boeing Co.*, Dkt. No. 63 (transcript of reasons stated in court before argument) ("I've had a chance to look at the complaint, the very long complaint, and I've had a chance to consider the arguments of counsel. And I recognize that there are heightened pleading

7

requirements under both Rule 9(b) and the PSLRA for these types of cases, but this is a case where there's an extensive amount of detail that I think adequately hits all the necessary requirements to let the case go forward. And so I'm going to deny the motion to dismiss. It's that simple") (Exhibit B hereto at 27:21-28:2); *Gomez v. Bidz.com*, Inc., 2011 WL 13190130, at *1 (C.D. Cal. Feb. 2, 2011) ("Defendants contend that the [amended complaint] fails to adequately allege (1) a material misrepresentation or omission of fact, (2) scienter, and (3) loss causation, all of which are necessary elements to properly plead a securities fraud claim…. The Court finds that the [amended complaint] sufficiently pleads a material misrepresentation or omission of fact, scienter, and loss causation. Accordingly, the Court DENIES Defendants' motion to dismiss"). These decisions are no different from the Order, which confirms the Court's consideration of the briefing, record, and "applicable law" in drawing its conclusion. Nothing more was required.

Finally, mentioning "summary judgment" in the Order does not open the door for reconsideration. Courts in this Circuit routinely deny motions to dismiss and note that issues are more appropriately resolved on summary judgment without undoing their holdings. *See, e.g., In re Kosmos Energy Ltd. Sec. Litig.*, 955 F. Supp. 2d 658, 666 (N.D. Tex. 2013) ("resolution of [falsity] is more appropriate on summary judgment"); *see also In re Alta Mesa Res., Inc. Sec. Litig.*, 676 F. Supp. 3d 485, 489 (S.D. Tex. 2023); *Torres*, 2022 WL 18715989, at *1; *McNamara v. Bre-X Minerals*

*Ltd.*, 57 F. Supp. 2d 396, 401 (E.D. Tex. 1999); *Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.,* 514 F. Supp. 3d 942, 949, 957 (S.D. Tex. 2021).

Because the Order was not based on any error, reconsideration must be denied.

## II.   DEFENDANTS CANNOT REGURGITATE FAILED ARGUMENTS

Unable to identify any error in the Order, Defendants transparently seek to reargue their MTD, devoting five pages of their brief to repackaging the same falsity and scienter arguments that previously failed. Mot. 17-21. Defendants' efforts are in vain because reconsideration cannot be used to rehash evidence or legal theories, including ones "that could have been offered" before. *Arya Risk Mgmt. Sys. v. Dufossat Cap. Puerto Rico, LLC*, 2021 WL 1554336, at *3 (S.D. Tex. Mar. 29, 2021). Plaintiffs should not have to address these arguments at all. Nevertheless, Defendants' arguments fare no better the second time around.

Plaintiffs filed an exhaustively detailed Complaint alleging, *inter alia*, that Defendants were warned internally for years that Southwest's Systems could not handle the size and complexity of the airline's operations, particularly under circumstances requiring short notice cancellations, such as severe weather. *See* ¶225; *see also* ¶¶54-61, 64, 65, 67-71, 196. Plaintiffs also allege that Defendants knew the Systems were materially deficient and suffered from a unique Vulnerability that profoundly exposed Southwest to major disruptions. ¶¶196, 296. Nevertheless, Defendants continually misrepresented the quality of the Systems. *See*, *e.g.*, ¶¶261,

303, 339, 350, 352. These are particularized allegations that, as this Court found, satisfy the PSLRA's pleading requirements.

Defendants repeat numerous failed falsity and scienter arguments that still fail. Contrary to Defendants' argument (*see* Mot. 19), Plaintiffs allege detailed facts showing Defendants' representations about earlier disruptions were misleading. *See* ¶255 (Southwest misleadingly blamed a "third-party weather data provider" during the July Meltdown when Defendants knew the Systems could not handle the issues); ¶¶287-288 (Southwest claimed the October Meltdown was caused by "weather and other external constraints" when the weather was only the occasion for the meltdown – the real cause was the deficient Systems).

In addition, Plaintiffs allege an inference of scienter at least as strong as Defendants' competing inference that the Epic Meltdown (the largest failure in airline history) was just bad business. *See* Opp. 16-23. Every airline was impacted by Elliot, but only Southwest collapsed due to the Vulnerability, which Defendants knew about, actively concealed from investors, and did not fix until it was too late.

Plaintiffs' allegations are not "fraud by hindsight" (Mot. 19) because Plaintiffs explain why Defendants' statements were misleading when made. *See*, *e.g.*, ¶¶227, 232, 245. Defendants' reliance on *Town of Davie Police Pens. Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 748 (N.D. Tex. 2018), *aff'd sub nom. Municipal Employees' Ret. Sys. of Mich.*, 935 F.3d 424 (5th Cir. 2019), 935 F.3d 424, 432 (5th

10

Cir. 2019), in support of their fraud-by-hindsight argument falls flat. There, the Fifth Circuit found that "backward-looking statements about events [from] outside of the Class Period [could not] establish scienter". Here, Plaintiffs establish scienter based on contemporaneous allegations. *See*, *e.g.*, ¶¶401-417.

Likewise, the inference that Defendants "believed" Southwest could "withstand the vast majority of conceivable weather situations" (Mot. 19) is decidedly weak when the Unions warned Defendants for years about the fatally flawed Systems. *See* Opp. 18. And after years of warnings, Defendants' statements cannot be characterized as "reasonable disclosures". *See* Mot. 20-21.

Finally, insider trading is not a pre-requisite for pleading scienter. *Compare* Mot. 20. As the Court already found, Plaintiffs' scienter allegations – which also include motive allegations (*see* Opp. 22-23), collectively provide an inference of scienter that is far stronger than Defendants' asserted inference of innocence. *See* Opp. 22.

Defendants also mischaracterize the Complaint to no avail. Plaintiffs never alleged Defendants misrepresented that the Systems were "infallible" or "immune to disruptions". *See* Mot. 17. Rather, Plaintiffs allege Defendants misrepresented, for example, that Southwest was "very well positioned and very well prepared to manage pretty much any scenario here in the next couple of years" when they knew the Vulnerability exposed Southwest to severe meltdowns. ¶¶261-262.

11

In rehashing their failed old arguments, Defendants also impermissibly cite several new cases that do not change anything. *See, e.g., Torres*, 2022 WL 18830845, at \*1. For example, in *Neiman*, the Fifth Circuit found no scienter where defendants continuously warned of "worsening cash position". *Neiman v. Bulmahn*, 854 F.3d 741, 750 (5th Cir. 2017). Here, Defendants' generic warning that "disruptions had occurred and could occur in the future" (Mot. 17) was itself misleading when made because Defendants knew the Systems and Vulnerability posed grave dangers to Southwest but did not warn investors. *See* Opp. 15.

Likewise, Defendants' new citations to repackage old puffery arguments are barred and distinguishable. The statements in those cases were general statements of optimism, whereas here, Defendants made egregious and context-specific misstatements and misleading omissions, *e.g.*, material misrepresentations about "significantly" investing in the Systems (¶¶72-74, 123, 224) and the profound risks they posed (¶¶196, 210, 224, 243). *Compare Yoshikawa v. Exxon Mobil Corp.*, 2022 WL 4677621, at \*15 (N.D. Tex. Sept. 29, 2022) (drilling process was "decent," "continuing," and "optimized"); *In re Express Scripts Holdings Co. Sec. Litig.*, 773 F. App'x 9, 13 (2d Cir. 2019) (contractual relationship was "great"); *Singh v. Cigna Corp.*, 918 F.3d 57, 59-60 (2d Cir. 2019) (company "expect[s] to continue to allocate significant resources" to compliance efforts); *In re Dot Hill Sys. Corp. Sec. Litig.*, 594 F. Supp. 2d 1150, 1158 (S.D. Cal. 2008) ("[integration of technology] on

12

schedule and continuing smoothly" not actionable because "Plaintiffs [] disagreed with defendants about [speed of] integration").

Defendants not only recycle arguments, they recycle many of the same distinguishable cases from their MTD, which did not sway the Court then and should not do so now. *See* Mot. 17-21 (citing *Owens v. Jastrow*, 789 F.3d 529, 541 (5th Cir. 2015); *Employees' Ret. Sys. v. Whole Foods Mkt., Inc.*, 905 F.3d 892, 902 (5th Cir. 2018); *Oklahoma Firefighters Pens. and Ret. Sys. v. Xerox Corp.*, 300 F. Supp. 3d 551 (S.D.N.Y. 2018); *Linenweber v. Southwest Airlines Co.*, 2023 WL 6149106, at *5-15 (N.D. Tex. Sept. 19, 2023)). Defendants cited these cases at MTD 20, 14, 15, and 21, respectively, as well as 14, 15, 17 (*Linenweber*). Plaintiffs addressed these cases at Opp. 22, 10-11, 11, respectively.

Defendants also re-cite two other cases to no avail. *See* Mot. 20; MTD 18. *See Gamboa v. Citizens, Inc.*, 2018 WL 2107205 (W.D. Tex. May 7, 2018) (rejecting weak scienter allegations that only showed it was "debatable" whether "disclosures were adequate"); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 253 (5th Cir. 2003) ("mismanaged accounts receivable situation handled [] frequently without direction from upper management" amounted to mere mismanagement). Neither case remotely applies to the strong and decisive allegations here.

Of course, Defendants reargue this case is like *Linenweber*, but Plaintiffs explained that *Linenweber* involved general, aspirational, and out-of-context

13

statements, while here, Defendants' misstatements were specific, in context, and "inconsistent with [Southwest's] true condition". *Id*., 693 F. Supp. 3d 661, at 677; *See* Opp. 9-10. Fully aware of *Linenweber*, the Court denied Defendants' MTD.

Defendants also weakly reargue that Plaintiffs did not sufficiently attribute certain misstatements by spokespersons for Southwest. Mot. 19. But courts hold corporations liable for a spokesperson's statements. *See* Opp. 14.

Finally, Defendants' request for a hearing should be denied because it is a transparent attempt to reargue their MTD, not the Motion, which is prohibited. *See supra* 15. There is no need for a hearing on the Motion itself as the high standards on reconsideration and interlocutory appeal are clear cut and certainly not met here.

## III. DEFENDANTS HAVE NO GROUNDS FOR INTERLOCUTORY APPEAL

Defendants' alternative and even more extreme request for interlocutory appeal is meritless and must be denied. "Interlocutory appeals are generally disfavored" and permitted only in exceptional circumstances which are not present here. *Fannie Mae v. Hurst*, 613 F. App'x 314, 318 (5th Cir. 2015). *See also Westside Ventures*, 2024 WL 1348445, at *2 ("[t]he Fifth Circuit has noted that 'Section 1292(b) appeals are exceptional…[and] not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion"). In fact, "a denial of a motion to dismiss" like the Order, "is [typically] not appropriate for interlocutory appeal." *Saddle Creek Energy Dev.*, 2007 WL 1702398, at *3.

14

The extraordinary remedy of interlocutory review requires: "(a) a controlling question of law, (b) to which there is substantial ground for difference of opinion, and (c) [that] an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Lee v. Active Power, Inc.*, 2014 WL 4337860, at *2 (W.D. Tex. Sept. 2, 2014). "Unless all three criteria are satisfied, a court cannot certify an interlocutory appeal." *Rodriguez v. City of Corpus Christi*, No. 2:21-CV-00297, 2023 WL 6371029, at *1 (S.D. Tex. June 10, 2023) (Tipton, J.), *appeal dismissed by* No. 23-40215, 2023 WL 6871657 (5th Cir. Aug. 7, 2023).

Defendants do not come close to meeting these exacting standards. Defendants fail to identify any controlling legal question to which there is substantial ground for difference of opinion implicated by the Order. This Court explained in *Rodriguez* that district courts only grant certification when there is truly "substantial ground for difference of opinion" about a major legal issue, *e.g.*, "where 'a trial court rules in a manner which appears contrary to the [appellate] rulings [] which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point [or] if novel and difficult questions of first impression are presented." *Id*. 2023 WL 6371029, at *2. None of these circumstances are even remotely present here, and Defendants cannot argue they are, as the parties do not dispute the well-settled legal standards governing Plaintiffs' claims, including falsity and scienter. *See* MTD 13-15; 18-20; Opp. 8-12; 15-18. At

15

bottom, Defendants disagree with the Court's application of undisputed standards to the facts, but that is not grounds for interlocutory appeal. Thus, Defendants' request for interlocutory appeal must be denied. *See also United States v. Planned Parenthood Fed'n of Am., Inc.*, 2022 WL 2718612, at *6 (N.D. Tex. July 13, 2022).

Courts have repeatedly denied requests for interlocutory appeals on motions to dismiss in securities class actions where, like here, there were no controlling issues of law about which there was a substantial difference of opinion. *See, e.g., In re Cobalt Int'l*, 2016 WL 949065, at *3, 5 ("the issues the Control Defendants want certified for interlocutory appeal are not controlling questions of law but [rather] application of established legal principles to the factual allegations in this lawsuit"; no "substantial difference of opinion" because there was no split on law among circuits); *Lee*, 2014 WL 4337860, at *3 (distinguishing *Shaw Group* (cited by Defendants here, *see infra* 17) and finding that "concerning the question of [] scienter, the legal standard is undisputed"); *In re Enron Corp. Sec., Deriv. & ERISA Litig.*, 2006 WL 3447709, at *2 (S.D. Tex. Nov. 21, 2006). These cases show that the extreme remedy of interlocutory appeal is not appropriate in ordinary circumstances like those present here.

Defendants' own cases only further underscore this point. Mot. 21-24. In stark comparison to this case, Defendants' cases concerned new legislation or significant case law that had recently impacted controlling issues of law. For example, in

16

*Indiana Electrical Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.,* 537 F.3d 527 (5th Cir. 2008), the Fifth Circuit found interlocutory review warranted because the Supreme Court had just issued *Tellabs*, the landmark decision clarifying scienter standards in securities actions – a controlling issue of law that was new and untested. Courts in this Circuit later explained that *Shaw Group* is the rare exception where interlocutory review was warranted because "the Fifth Circuit had not had an opportunity to determine how *Tellabs* affected its existing standard for scienter." *See*, *e.g.*, *Lee*, 2014 WL 4337860, at *2.

There is no such dispute here regarding the now well-settled falsity and scienter standards, and thus no exceptional need for interlocutory appeal. *Compare* MTD 13-14 *and* Opp. 8-9 (citing same scienter cases). Defendants' other cases further underscore this point. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 687 (9th Cir. 2011) ("inadequate precedent squarely on point" regarding SEC reporting requirements); *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 782 (9th Cir. 2008) (recent cases raised questions about the viability of the core operations pleading doctrine, which was outcome-determinative in this case); *Teamsters Loc. 445 Freight Div. Pens. Fund v. Dynex Cap. Inc.*, 531 F.3d 190 (2d Cir. 2008) (accepting interlocutory appeal where substantial difference of opinion existed on collective scienter doctrine); *cf. In re Dynex Capital, Inc. Securities Litigation*, 2006 WL 1517580, at *3 (S.D.N.Y. June 2, 2006) (denial of motion to dismiss "turned on"

17

collective scienter issue with split of authority within the circuit); *Bryant v. Apple South, Inc.*, 25 F. Supp. 2d 1372, 1383 (M.D. Ga. 1998) ("[m]uch of the Court's Order deals with [] the PSLRA, [which] has not yet been addressed by an appellate court, and there is a distinct difference of opinion among the district courts that have considered [its] proper interpretation"), *vacated on other grounds by Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999); *In re BP p.l.c. Sec. Litig.*, 2015 WL 926199 (S.D. Tex. Mar. 4, 2015) ("[t]he difficulty [] was not how to apply the relevant pleading standard [but] what exactly the relevant pleading standard was").

Likewise, in *WMX Technologies*, Congress had recently enacted the PSLRA, and interlocutory appeal was warranted so the Fifth Circuit could interpret the pleading standard in light of this significant new legislation. *See* 112 F.3d 175, 179. Here, Defendants do not argue that there are any standards in need of clarification – nor could they. Moreover, Defendants concede that *Williams* concerned a "close" question (Mot. 22), but this Court did not indicate in the Order that its holding was close. Unlike their cited cases, Defendants raise no major legal issues on which there is a substantial difference of opinion warranting interlocutory appeal.

Defendants' reliance on cases outside of the securities context is also misplaced. Some, unlike here, concerned fundamentally unsettled legal questions. *See Morales v. OK Trans, Inc.*, 2024 WL 3223676, at *2-4 (S.D. Tex. June 18, 2024) ("substantial grounds for difference of opinion" where there was "no controlling

18

precedent" concerning who was a statutory "driver"); *Dore Energy Corp. v. Prospective Inv. & Trading Co. Ltd.*, 570 F.3d 219, 224 (5th Cir. 2009) (appeal certified where motion to dismiss raised new arguments and was filed after court's decision on summary judgment). Others are plainly inapposite as they dealt with unopposed motions or mutually agreed to certifications of appeal. *See La. Indep. Pharms. Assoc. v. Express Scripts, Inc.*, 41 F. 4th 473, 477-78 (5th Cir. 2022) (plaintiff consented to certification of appeal (Dkt. No. 39) (Exhibit C hereto at 1)); *Lefebure v. D'Aquilla*, 15 F. 4th 650, 653 (5th Cir. 2021) (same) (*Lefebure v. Boeker*, No. 3:17-cv-01791-SDD-EWD (M.D. La. Aug. 20, 2019) (Dkt. No. 94) and *Lefebure v. D'Aquilla* (5th Cir. Dec. 3, 2019) (Dkt. No. 105) (Exhibits D and E hereto)); *Hartz v. Administrators of Tulane Educ. Fund*, 275 F. App'x 281, 286 (5th Cir. 2008) (both parties moved to certify appeal).

In the final breath of their Motion, Defendants dump a list of potential "sub-issues" of law that they claim in conclusory fashion are "worthy of review" (Mot. 23). But these issues – *e.g.*, whether Defendants had a duty to disclose Southwest's "recovery capabilities" and whether statements from Unions gave rise to a further duty to disclose – are garden-variety "issues regarding the Court's application of established legal principles to the [] allegations in this lawsuit." *In re Cobalt Int'l*, 2016 WL 949065, at *3 (denying motion to certify factual issue for interlocutory appeal). Defendants have not even attempted to establish that there is a "substantial

19

difference of [legal] opinion" on any of these issues in this Circuit or elsewhere that would justify the exceptional relief of interlocutory review. *See* Mot. 24-25.

Defendants also weakly claim there is "reason to doubt" that Plaintiffs satisfied the pleading standards and a "basis to disagree" with the Order. Mot. 21, 23. First, those claims are groundless as the Court found that Plaintiffs satisfied the pleading standards "after a review of the applicable law". Order 1. Second, even if there was "reason to doubt" or a "basis to disagree" – and there is not – neither come close to constituting a "substantial ground for difference of opinion" on a controlling issue of law. Contrary to Defendants' claim, interlocutory appeals are not granted "simply to determine the correctness of a judgment." *Chauvin v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 4365387, at *2 (E.D. La. Dec. 11, 2007).

In addition to failing to establish that there is a controlling question of law with substantial ground for difference of opinion, which alone is dispositive, Defendants do not even argue, nor could they, that an immediate appeal from the order may materially advance the ultimate termination of the litigation. *See Rodriguez*, 2023 WL 6371029, at *1. First, Defendants request a longer Order – but a longer Order would still come to the same conclusions and not "advance the termination of the litigation". Second, even if Defendants by some miracle were to receive a favorable ruling on interlocutory review, it "is unlikely to advance the ultimate termination of the lawsuit because, even if successful, the appeal will likely

20

result in remand to this Court for Plaintiffs to have an opportunity to replead." *Cobalt Int'l*, 2016 WL 949065, at *6. *See also Schleicher v. Wendt*, 2007 WL 4580035, at *2 (S.D. Ind. Dec. 27, 2007) (denying motion to certify appeal and explaining that "[i]nterlocutory appeals remain the exception and not the norm, even in securities fraud cases"); *In re Tenaris S.A. Sec. Litig.*, 2021 WL 2843204, at *3 (E.D.N.Y. July 1, 2021).

Accordingly, Defendants have not identified any reason why the Order is "exceptional," much less carried their heavy burden of satisfying all the requirements necessary to diverge from the traditional rule against interlocutory review. Defendants' request for interlocutory appeal must be denied.

## CONCLUSION

For these reasons, Defendants' Motion should be denied in its entirety.

Dated: January 24, 2025

Respectfully submitted,

/s/ B. Russell Horton

_____

B. Russell Horton
Texas State Bar No. 10014450
**GEORGE BROTHERS KINCAID
& HORTON, L.L.P.**
625 Norwood Tower
114 West 7th St
Austin, TX 78701
Telephone: (512) 495-1400
rhorton@gbkh.com

*Liaison Counsel for Lead Plaintiff and
the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
Jeffrey McEachern
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
lhasson@bernlieb.com
seidman@bernlieb.com
jmceachern@bernlieb.com

*Lead Counsel for Lead Plaintiff
Michael Berry and the Proposed Class*

22

## CERTIFICATE OF WORD COUNT

I certify that this document complies with this Court's word count requirements because, excluding the case caption, table of contents, table of authorities, signature block and certificates, this document contains 4,981 words.

/s/ B. Russell Horton

_____

B. Russell Horton

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on January 24, 2025, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ B. Russell Horton

_____

B. Russell Horton