**EXHIBIT C**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

|  |  |
|---|---|
| LOUISIANA INDEPENDENT PHARMACIES ASSOCIATION, *Plaintiff*, vs. EXPRESS SCRIPTS, INC., *Defendant*. | Case No. 2:20-cv-647 Judge James D. Cain, Jr. Magistrate Judge Kathleen Kay |

**ORDER OF CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(b) AND STAY OF PROCEEDINGS**

This matter is before the Court on Defendant Express Scripts, Inc.'s *Ex Parte* Consent Motion for Certification Pursuant to 28 U.S.C. § 1292(b) and for a Stay of Proceedings. ESI seeks certification of the question whether La. R.S. §§ 22:1860.1 and 46:2625(A)(2)—the so-called Allowable Cost Provisions—are preempted by Medicare Part D's express preemption clause, 42 U.S.C. § 1395w-112(g), as applied to Medicare plans. The Court finds that the conditions for certification are satisfied and that both certification and a stay are warranted. Additionally Plaintiff Louisiana Independent Pharmacies Association consents to certification and a stay.

*First*, the question whether the Allowable Cost Provisions are preempted by the Medicare statute is a matter of statutory interpretation, and thus a pure matter of law. *See Int'l Aerobatics Club Chapter 1 v. City of Morris*, 76 F. Supp. 3d 767, 781 (N.D. Ill. 2014) ( "[I]ssues of express or field preemption are generally purely legal questions.") (quoting *Wisconsin Cent., Ltd. v. Shannon*, 539 F.3d 751, 759 (7th Cir. 2008)).

*Second*, the question is controlling. If the litigation were to proceed to a final declaratory judgment in LIPA's favor, and if the Fifth Circuit were to hold on appeal that the Allowable Cost

1

Provisions are preempted, any judgment entered in LIPA's favor by this Court necessarily would have to be reversed. The question presented is thus controlling within the meaning of Section 1292(b). *See* 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed., 2021 Supp.).

*Third*, there is a substantial ground for difference of opinion on the preemption question. Although this Court held that the Allowable Cost Provisions are not preempted, the Louisiana Department of Insurance has issued an advisory letter coming to the opposite conclusion. *See* Compl. ¶ 32 & Ex. 4. Because the Fifth Circuit has not spoken on the issue, moreover, this Court declined to apply the doctrine of field preemption. But a recent decision of the U.S. District Court for the District of Puerto Rico recently applied field preemption in a Medicare preemption case. *See Medicaid and Medicare Advantage Prods. Ass'n of P.R., Inc. v. Emmanuel-Hernandez*, No. 19-1940, ECF No. 131 (D.P.R. Mar. 1, 2021). There is accordingly a substantial ground for difference of opinion on the question presented.

*Finally*, an immediate appeal would materially advance the ultimate termination of the litigation. If an interlocutory appeal is not authorized, the parties will proceed to discovery and ESI will pursue several affirmative defenses, culminating in what is likely to be complex dispositive motions practice. Litigation of these matters will consume significant judicial and party resources. If, in contrast, the Fifth Circuit grants an interlocutory appeal and determines that the Allowable Cost Provisions are preempted, no further discovery or motions practice would be required, and the case would be concluded. There is therefore a possibility than an immediate appeal will accelerate or simplify this litigation, satisfying the final condition for certification. *See* 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed., 2021 Supp.).

The Court further concludes that a stay of these proceedings is warranted pending the resolution of a subsequent petition for permission to appeal to the Fifth Circuit and all appellate proceedings that may follow if that court grants permission.

For the foregoing reasons, **IT IS HEREBY ORDERED** that the motion is **GRANTED**. The Court hereby **CERTIFIES** its March 4, 2021 order denying ESI's motion to dismiss for an interlocutory appeal, presenting the question whether the Medicare statute's express preemption clause for Part D plans, 42 U.S.C. § 1395w-112(g), preempts La. R.S. §§ 22:1860.1 and 46:2625-(A)(2), as applied to prescription drug claims covered by Medicare.

The Court further **STAYS** these proceedings pending the resolution of a subsequent petition for permission to appeal to the Fifth Circuit and all appellate proceedings that may follow if that court grants permission.

**THUS DONE AND SIGNED** in Chambers on this 1st day of June, 2021.


JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

3