**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTHUR TEROGANESIAN, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-115 |
| SOUTHWEST AIRLINES CO. *et al.*, | § § § | |
| Defendants. | § § § | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION, MOTION TO PERMIT INTERLOCUTORY APPEAL,
AND REQUEST FOR HEARING**

**Table of Contents**

                                                                                            **Page**

ARGUMENT AND AUTHORITIES ......................................................................................2

I.      PLAINTIFFS' OWN CITED CASES CONFIRM THE ORDER'S
        INADEQUACY.............................................................................................................2

II.     THE ALLEGATIONS FALL FAR SHORT OF THE PSLRA'S EXACTING
        REQUIREMENTS...........................................................................................................4

III.    THERE ARE NO PROCEDURAL BARRIERS TO RECONSIDERATION............6

IV.     THE COURT SHOULD ALTERNATIVELY MODIFY THE RULING TO
        ALLOW AN INTERLOCUTORY APPEAL..........................................................8

CONCLUSION...........................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abrams v. Baker Hughes Inc.*,
   292 F.3d 424 (5th Cir. 2002) ...............................................................................6

*Alaska Elec. Pens. Fnd. v. Flotek Indus., Inc.*,
   915 F.3d 975 (5th Cir. 2019) .............................................................................10

*Alaska Elec. Pension Fund v. Asar*,
   898 F.3d 648 (5th Cir. 2018), *rehearing granted and opinion su-
   perseded*, 768 Fed. App'x 175 (5th Cir. Apr. 10, 2019)......................................9

*Austin v. Kroger Texas, L.P.*,
   864 F.3d 326 (5th Cir. 2017) ...........................................................................7, 8

*In re Bank of Am. AIG Disclosure Sec. Litig.*,
   980 F. Supp. 2d 564 (S.D.N.Y. 2013)..................................................................6

*In re BP p.l.c. Secs. Litig.*,
   2018 WL 501594 (S.D. Tex. Jan. 19, 2018)........................................................7

*Brown v. City of Houston, Texas*,
   2018 WL 1333883 (S.D. Tex. Mar. 15, 2018) (Rosenthal, J.)............................7

*Camelot Event Driven Fund v. Alta Mesa Resources, Inc.*,
   2021 WL 1416025 (S.D. Tex. Apr. 14, 2021) .....................................................4

*Dawes v. Imperial Sugar Co.*,
   975 F. Supp. 2d 666 (S.D. Tex. 2013) (Rosenthal, J.)........................................6

*Facebook, Inc. v. Amalgamated Bank et al.*,
   144 S. Ct. 2629 (2024)........................................................................................9

*In re GeoPharma, Inc. Secs. Litig.*,
   399 F. Supp. 2d 432 (S.D.N.Y. 2005)..................................................................6

*Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*,
   514 F. Supp. 3d 942 (S.D. Tex. 2021) .................................................................4

*Heinze v. Tesco Corp.*,
   971 F.3d 475 (5th Cir. 2020) ...............................................................10

*Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*,
   537 F.3d 527 (5th Cir. 2008) .................................................................8

*Izadjoo v. Helix Energy Solutions Group, Inc.*,
   237 F. Supp. 3d 492 (S.D. Tex. 2017) (Rosenthal, J.) ...........................2

*Kakkar v. Bellicum Pharms., Inc.*,
   2020 WL 2845279 (S.D. Tex. May 29, 2020) (Bennett., J.) ..................10

*Neiman v. Bulmahn*,
   854 F.3d 741 (5th Cir. 2017) .................................................................5

*NVIDIA Corp. v. Ohman J*,
   144 S. Ct. 2655 (2024)...........................................................................9

*Oliver v. CitiMortgage, Inc.*,
   2014 WL 1265950 (N.D. Tex. Mar. 27, 2014) .......................................7

*Owens v. Jastrow*,
   789 F.3d 529 (5th Cir. 2015) .................................................................5

*Polaris Engineering, Inc. v. Texas Intern. Terminals, Ltd.*,
   2023 WL 7093032 (S.D. Tex. Oct. 26, 2023).......................................7, 8

*Singh v. Schikan*,
   106 F. Supp. 3d 439 (S.D.N.Y. 2015)....................................................6

*Solow v. Citigroup, Inc.*,
   2012 WL 1813277 (S.D.N.Y. May 18, 2012).........................................6

*Special Situations Fund III QP v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014)......................................................6

*Stephens v. Uranium Energy Corp.*,
   2016 WL 3855860 (S.D. Tex. July 15, 2016) (Rosenthal, J.)...............10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2008)...............................................................................2

*Templet v. HydroChem Inc.*,
   367 F.3d 473 (5th Cir. 2004) ....................................................................7, 8

*Torres v. Berry Corp.*,
   2022 WL 18830845 (N.D. Tex. Nov. 9, 2022)...................................................7, 8

*Westside Ventures, Ltd. v. Houston Comm. College Sys. Dist.*,
   2024 WL 1348445 (S.D. Tex. Mar. 29, 2024) (Tipton, J.).............................7, 9

*Williams v. WMX Technologies, Inc.*,
   112 F.3d 175 (5th Cir. 1997) ...................................................................8, 10

*In re Xunlei Ltd. Secs. Litig.*,
   2019 WL 4276607 (S.D.N.Y. Sept. 10, 2019)......................................................6

**Rules and Statutes**

Fed. R. Civ. P. 54(b) ....................................................................................7

FED. R. CIV. P. 59(e) ..........................................................................6, 7, 8

As Plaintiffs cannot and do not attempt to dispute, the PSLRA and controlling precedent require courts to dismiss at the pleading stage any Rule 10b-5 securities claim where the allegations fail to establish falsity and support a "strong inference" of scienter.[1] Congress imposed this securities-specific, mandatory dismissal requirement in direct response to the well-documented evils of meritless securities class actions, which impose massive litigation costs and *in terrorem* settlement pressure when allowed to progress into discovery. The overwhelming majority of securities class action motion to dismiss opinions adhere to the PSLRA's requirements by providing detailed explanations of why the allegations do or do not suffice to show falsity and a strong inference of scienter.[2]

Defendants thus respectfully request that the Court allow a hearing on this motion and either withdraw the Ruling and grant Defendants' motion to dismiss or, alternatively, modify the Ruling to certify it for interlocutory appeal. Plaintiffs have not identified any prior instance where a court denied dismissal of a Rule 10b-5 securities class action involving anything resembling the circumstances here, where: (i) the company specifically warned it had "old technology," had experienced prior disruptions, could not "absorb" disruptive events as well as it could in the past, and needed to modernize its systems; (ii) the company made no public assurance that it could prevent prolonged disruptions from an event like Winter Storm Elliott; and (iii) Plaintiffs' allegations about Defendants' knowledge of the alleged "vulnerabilities" before the December 2022 disruptions rely

---

[1] *See* ECF #65, Motion for Reconsideration ("Recon. Mot.") at 1, 6-7.

[2] *See id.* at 12-16.

1

entirely on ***public*** criticisms of Southwest's systems in the wake of ***publicly-disclosed*** prior disruptions, while failing to identify a single specific fact about Defendants' supposed awareness of "vulnerabilities" beyond what was already alleged in the public domain. The Fifth Circuit and other courts have emphatically rejected similar efforts to conjure securities fraud claims from alleged "red flags" that are publicly disclosed. Respectfully, the Court should have done so here—and it still can.

## ARGUMENT AND AUTHORITIES

**I.     PLAINTIFFS' OWN CITED CASES CONFIRM THE ORDER'S INADEQUACY.**

The Opposition fails to cite a single previous order denying dismissal of a securities fraud complaint in this district without a reasoned decision explaining why the allegations show actionable misstatements and a strong inference of scienter. That is unsurprising considering the PSLRA's plain language and purpose,[3] the Fifth Circuit's practice,[4] the Supreme Court's requirement that courts perform a "comparative evaluation" of competing inferences,[5] and Judge Rosenthal's correct observation that a district court "must analyze the allegations as to each defendant" in a securities fraud case "to determine whether the complaint sufficiently pleads scienter as to that defendant." *See Izadjoo v. Helix Energy Solutions Group, Inc.*, 237 F. Supp. 3d 492, 514 (S.D. Tex. 2017) (Rosenthal, J.).

---

[3] *See id.*

[4] *See id.* at 12-14.

[5] *See id.* at 3 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2008)).

Plaintiffs' cases are inapposite. The handful of "shorter" out-of-district denial orders cited in the Opposition (Opp. at 6-8) do not reflect the practice taken by the overwhelming majority of courts in PSLRA cases. And even these few outlier decisions still included express findings that the complaint adequately alleged material misstatements made with the requisite strong inference of fraudulent intent or severe recklessness. In the *Boeing* litigation, for example, the district court concluded that "there's an extensive amount of detail that I think adequately hits all the necessary requirements to let the case go forward," that the complaint "records and relates tons of information that supports the claim at this point that there has been material misstatements made to the investing public," and that "it's a strong inference of scienter here." (Ex. B to Opp. at 28.) In *Torres v. Berry Corporation*, the court similarly found "that Plaintiffs have adequately specified at least some allegedly misleading statements or omissions" and that "Plaintiffs have pleaded the requisite strong inference of scienter for surviving a motion to dismiss[.]" 2022 WL 18715989, at *1 (N.D. Tex. Sept. 13, 2022) (Scholer, J.). And, in *Gomez v. Bidz.com, Inc.*, the court found that the complaint "sufficiently pleads a material misrepresentation or omission of fact, scienter, and loss causation." 2011 WL 13190130, at *1 (C.D. Cal. Feb. 2, 2011). The other authorities cited in the Opposition likewise offer Plaintiffs no support.[6]

---

[6] In *In re Kosmos Energy Ltd. Securities Litigation*, the court wrote a reasoned opinion analyzing the alleged misstatements, which held that one challenged statement was not adequately alleged to be materially misleading, while concluding that plaintiffs adequately alleged that the company's representation that "production continues to increase according to our plan" and other statements were misleading based on allegations that production had actually flattened. *See* 955 F. Supp. 2d 658, 665-69 (N.D. Tex. 2013). In *McNamara v. Bre-X Minerals Ltd.*, the court similarly wrote an opinion dismissing the claims against most defendants while finding that the complaint "amply stated their federal claims" against one defendant. 57 F. Supp. 2d 396, 430 (E.D. Tex. 1999). *See also Georgia Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 514 F. Supp. 3d 942, 957

## II.   THE ALLEGATIONS FALL FAR SHORT OF THE PSLRA'S EXACTING REQUIREMENTS.

Plaintiffs' summary description of their allegations (Opp. at 9-11) only reinforces why the PSLRA requires dismissal here. Plaintiffs allege that Southwest was "warned internally for years that Southwest's Systems could not handle the size and complexity of the airline's operations[.]" (Opp. at 15). These allegedly internal "warnings" cited in the Complaint, however, were made *publicly* by Southwest's employee unions and in other *public* articles. (*See* Opp.at at 9 (citing Compl. ¶¶ 54-61, 64, 65, 67-71, 196, 225, 296).) And Southwest itself publicly disclosed that prior "cascading" disruptions had occurred and that more recovery capabilities were needed. It publicly stated after the July 2016 disruptions that "we live with some old technology." (*See id.* ¶ 406; Ex. 13, ECF # 56-13.) It acknowledged after the June 2021 disruptions that it "had technology issues and bad weather combined" and was "not able to absorb those significant events like we could in the past."[7] Southwest disclosed during the October 2021 disruptions that "the out-of-place aircraft and continued strain on our Crew resources created additional cancellations *across*

---

(S.D. Tex. 2021) (reasoned opinion where "the Court finds that Plaintiff has alleged with adequate particularity that each Defendant acted with the requisite scienter" after multiple-page discussion of scienter allegations); *Camelot Event Driven Fund v. Alta Mesa Resources, Inc.*, 2021 WL 1416025, at *11–12 (S.D. Tex. Apr. 14, 2021) (reasoned opinion denying dismissal where company wrote off more than 80% of the company's value and concluding that "plaintiffs have presented other allegations sufficient to satisfy the pleading requirement").

[7] *See* Ex. 14, ECF # 56-13 at 4, 10, 25. Plaintiffs' assertion that Southwest "misleadingly blamed a 'third-party weather data provider'" for the June 2021 disruptions (Opp. at 10) also ignores Southwest's public acknowledgment that it experienced subsequent "network connectivity" issues that it did not believe were connected to the data vendor issue. (*See* Compl. ¶ 256.) Plaintiffs also fail to plead any particularized facts contradicting Southwest's public statements regarding the cause of these disruptions.

*our point-to-point network that cascaded throughout the weekend and into Monday*" after the initial weather-related Friday cancellations, and later disclosed that "*it would help for us to have better tools to recover*." (Compl. ¶¶ 287, 291 (emphasis added).) On December 8, 2021, Southwest publicly cautioned again that there were "*too few options to get our customers and our crews to where they needed to be* if our operating tempo was disrupted." (Ex. 19, ECF # 56-19 at 19). Plaintiffs also do not allege that Southwest made any public rebuttal to the unions' "warnings" in its own communications to investors.

Plaintiffs have yet to identify any prior court decision denying dismissal of a securities class action under circumstances remotely analogous to those here, where: (i) the company had expressly and repeatedly warned about its ability to absorb disruptive events, had disclosed prior instances where cascading multi-day disruptions occurred, had publicly warned that it needed to modernize its systems and develop more recovery tools, and where: (ii) all of the allegations about Defendants' alleged knowledge of the purported "vulnerabilities" before Winter Storm Elliott are derived from *public* statements and criticisms after *publicly-disclosed prior* disruptions. Courts consistently reject securities claims when the company warned of the risks and where the alleged "red flags" were already in the public domain. *See Owens v. Jastrow*, 789 F.3d 529, 540 (5th Cir. 2015) ("[T]he red flags were disclosed to the public, which negates the inference that the defendants acted with scienter"); *Neiman v. Bulmahn*, 854 F.3d 741, 750 (5th Cir. 2017) (disclosure of company's declining liquidity undermined scienter inference); *In re Xunlei Ltd. Secs. Litig.*, 2019 WL 4276607, at *12 (S.D.N.Y. Sept. 10, 2019) ("The 2017 ICO Notice cannot support an inference of scienter because it was publicly available"); *Special*

*Situations Fund III QP v. Deloitte Touche Tohmatsu CPA , Ltd.*, 33 F. Supp. 3d 401, 431 (S.D.N.Y. 2014) ("Moreover, red flags embedded in publicly available documents do not support an inference of scienter"); *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 586 (S.D.N.Y. 2013) ("third party disclosure" of relevant facts weighed against scienter); *In re GeoPharma, Inc. Secs. Litig.*, 399 F. Supp. 2d 432, 452 (S.D.N.Y. 2005) ("Plaintiffs have cited no case, and I am aware of none, where a plaintiff adequately pled scienter based solely on the contradiction between public information and the company's public statements."); *Higginbotham v. Baxter Intern., Inc.*, 495 F.3d 753, 759 (7th Cir. 2007) (public allegations by Brazilian government of antitrust violations did not support securities fraud claim). Nor was Southwest required to use the pejorative adjectives in Plaintiffs' briefing to describe the need for more recovery tools and options.[8] The Court should follow these cases, withdraw the Ruling, and dismiss this suit.

## III.    THERE ARE NO PROCEDURAL BARRIERS TO RECONSIDERATION.

There are no procedural obstacles to withdrawing the Ruling and granting dismissal. Contrary to Plaintiffs' assertions, motions to reconsider the denial of a motion to dismiss are not constrained by FED. R. CIV. P. 59(e), do not require newly discovered evidence or new legal developments, and may be granted for ***any*** reason a district court deems

---

[8] *See Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 433 (5th Cir. 2002) (disclosures need not be "overly gloomy or cautious" as long as "reasonably consistent with reasonably available data"); *Dawes v. Imperial Sugar Co.*, 975 F. Supp. 2d 666, 707 (S.D. Tex. 2013) (Rosenthal, J.) (agreeing that companies need not "'paint themselves in the most unflattering light possible" when disclosures are otherwise accurate) (quoting *Solow v. Citigroup, Inc.*, 2012 WL 1813277, at *4 (S.D.N.Y. May 18, 2012)); *Singh v. Schikan*, 106 F. Supp. 3d 439, 448 (S.D.N.Y. 2015) (disclosure not misleading merely because "it does not use the eye-catching or negative phrasing that plaintiffs would have wished").

sufficient, including arguments previously raised.[9] Plaintiffs' assertions that

reconsideration of an interlocutory order is "disfavored," "extreme," or is limited to

"manifest" errors, or "new" developments (Opp. at 5) is directly refuted by Rule 54(b)'s

text and Fifth Circuit law. *See, e.g., Austin*, 864 F.3d at 336; *Polaris Engineering, Inc. v.*

*Texas Intern. Terminals, Ltd.*, 2023 WL 7093032, at *3 (S.D. Tex. Oct. 26, 2023) (Edison,

M.J.) (rejecting similar effort to limit motions for reconsideration).

Plaintiffs rely on inapposite authorities applying Rule 59(e) or involving vastly

different facts.[10] While Plaintiffs again cite *Torres*, that unpublished decision incorrectly

relied on *Templet v. HydroChem Inc.*,[11] a Fifth Circuit case addressing the stricter standards

---

[9] *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (holding that interlocutory orders are subject to "less stringent" requirements of Fed. R. Civ. P. 54(b), which allows a trial court to reconsider interlocutory decisions for "any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law") (internal citation omitted); *Westside Ventures, Ltd. v. Houston Comm. College Sys. Dist.*, 2024 WL 1348445, at *2 (S.D. Tex. Mar. 29, 2024) (Tipton, J.) (recognizing that Rule 54(b) governs motions to reconsider orders denying motions to dismiss and that courts may not deny reconsideration based on an "erroneous view of the law," but concluding that orders at issue were not erroneous); *Brown v. City of Houston, Texas*, 2018 WL 1333883, at *2 (S.D. Tex. Mar. 15, 2018) (Rosenthal, J.) (holding that reconsideration of order denying motion to dismiss is subject to Rule 54(b)).

[10] *See* Opp. at 4–5 (citing *Torres v. Berry Corp.*, 2022 WL 18830845, at *1 (N.D. Tex. Nov. 9, 2022) (citing *Templet*); *Oliver v. CitiMortgage, Inc.*, 2014 WL 1265950, at *1 (N.D. Tex. Mar. 27, 2014) (addressing reconsideration of order remanding case to state court); *In re BP p.l.c. Secs. Litig.*, 2018 WL 501594, at *1 (S.D. Tex. Jan. 19, 2018) (applying Rule 59(e)). Further, in *In re Enron Corp.*, Judge Harmon denied reconsideration because she expressly found under the vastly different circumstances of the Enron accounting litigation that "a strong inference exists of actual knowledge or reckless disregard" by the individual defendants. *See* 2003 WL 22331268, at *3 (S.D. Tex. Apr. 22, 2003) (Harmon, J.). Plaintiffs also cite *Arya Risk Management Systems v. Dufossat Capital Puerto Rico,* LLC, but that case involved the much different circumstances of a sanctions and default order after two prior evidentiary hearings and extensive prior opportunities to question witnesses and inspect the evidence. *See* 2021 WL 1554336, at *4–5 (S.D. Tex. Mar. 29, 2021) (Bryan, M.J.). These cases do not support denying reconsideration here.

[11] 367 F.3d 473, 478-59 (5th Cir. 2004).

under Rule 59(e) rather than the more permissive Rule 54 standard applicable to interlocutory orders. *See Torres*, 2022 WL 18830845, at *1. In sum, Fifth Circuit law rejects the artificial barriers advocated by Plaintiffs and makes clear a district court "must evaluate motions for reconsideration of interlocutory orders 'with a preference toward resolving the [dispute] on the merits and avoiding any [ruling] based on a technicality.'" *Polaris*, 2023 WL 7093032, at *3 (quoting *Austin*, 864 F.3d at 338).

## IV.     THE COURT SHOULD ALTERNATIVELY MODIFY THE RULING TO ALLOW AN INTERLOCUTORY APPEAL.

As Plaintiffs cannot dispute, the Fifth Circuit has expressly allowed interlocutory appeals of dismissal denial orders in securities class actions for the stated purpose of assessing whether the complaint adequately pled falsity or scienter. *See Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Grp., Inc.*, 537 F.3d 527, 532 (5th Cir. 2008) (granting interlocutory appeal where defendant "challenge[d] the sufficiency of plaintiffs' pleading of falsity, scienter and loss causation"); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (allowing interlocutory appeal because "whether the pleading of fraud met the particularity requirement presented a close question.").

While Plaintiffs suggest that these precedents should be disregarded because the falsity and scienter requirements are allegedly now "well-settled," the simple fact is that appellate courts continue to view the threshold pleading requirements for securities fraud claims as posing significant issues worthy of careful consideration. Indeed, the Supreme Court granted *certiorari* and heard argument in two securities cases this term to address whether various types of allegations were sufficient to plead a securities claim before

dismissing the writs.[12] So too, a 2019 Fifth Circuit panel granted rehearing, withdrew a published 2-1 decision reversing a scienter-based dismissal, and issued a unanimous affirmance in its place.[13] Plaintiffs' authorities denying motions for interlocutory appeal are inapposite and do not support the same result here.[14]

---

[12] *See NVIDIA Corp. v. Ohman J*, 144 S. Ct. 2655 (2024) (granting *certiorari*); 2024 WL 989551, at *i (*certiorari* petition listing questions presented regarding sufficiency of scienter and falsity allegations); 604 U.S. 20 (2024) (dismissing writ as improvidently granted); *Facebook, Inc. v. Amalgamated Bank et al.*, 144 S. Ct. 2629 (2024) (granting *certiorari* as to first question presented); 2024 WL 1009159, at I (*certiorari* petition listing questions presented regarding scope of risk disclosure obligation); 145 S. Ct. 10 (2024) (dismissing writ as improvidently granted).

[13] *See Alaska Elec. Pension Fund v. Asar*, 898 F.3d 648 (5th Cir. 2018) (2-1 decision reversing dismissal on scienter grounds), *rehearing granted and opinion superseded*, 768 Fed. App'x 175 (5th Cir. Apr. 10, 2019) (granting rehearing in part, withdrawing prior decision and unanimously affirming district court's dismissal).

[14] *Fannie Mae v. Hurst* involved a request to appeal an interlocutory discovery order that merely declined to compel broad discovery of Fannie Mae's actions in other foreclosures, a vastly different order than the dispositive motion order here. *See* 613 Fed. App'x 314, 316 (5th Cir. June 2, 2015). In *In re Cobalt International Energy, Inc. Securities Litigation*, the court noted that the challenged articles "provided only one source of evidentiary support of the claim that the Cobalt Defendants made false or misleading statements" and that other allegations supported scienter. *See* 2016 WL 949065, at *4 (S.D. Tex. Mar. 14, 2016) (Atlas, J.). In *Schleicher v. Wendt*, the court noted that whether a complaint's allegations satisfied the Supreme Court's scienter test "might still be suitable for interlocutory appeal," but that the complaint at issue "includes numerous factual allegations" that "support inferences of scienter." 2007 WL 4580035, at *1 (S.D. Ind. Dec. 27, 2007). In *In re Tenaris S.A. Securities Litigation*, the defendant company allegedly engaged in a ten-year illegal bribery scheme despite claiming that the company would "not condone" bribery. 2021 WL 2843204, at *1—2 (E.D.N.Y. July 1, 2021). In *Saddle Creek Energy Development v. Eagle Domestic Drilling Operations*, the proposed appeal "would merely affect the form of the litigation—turnover motion or adversary proceeding—not the existence of the litigation." 2007 WL 1702398, at *3 (S.D. Tex. June 12, 2007) (Miller, J.). In *Westside Ventures*, this Court concluded that the challenged findings were compelled by "controlling authority" and that there was no "substantial ground for disagreement." 2024 WL 1348445, at *3 (Tipton, J.). In *Rodriguez v. City of Corpus* Christi, the challenged ruling "was made pursuant to well established law in this Circuit" and was thus not appropriate for interlocutory appeal. 2023 WL 6371029, at *2 (S.D. Tex. June 10, 2023) (Tipton, J.). In *Lee v. Active Power, Inc.*, the company's CEO and CFO publicly represented that the company had a significant contract with Digital China while knowing the contract was with a completely different company, making it unsurprising the court denied leave for appeal. 29 F. Supp. 3d 876, 887 (W.D. Tex. 2014), *reconsideration and leave for appeal denied*, 2014 WL 4337860 (W.D. Tex. Sept. 2, 2014).

Plaintiffs also incorrectly suggest that interlocutory appeal is inappropriate because leave to amend could theoretically be granted. (*See* Opp. at 4.) But the hypothetical future possibility of amendment did not prevent interlocutory review in *Indiana Electrical* or *Williams*. The PSLRA's inquiry is whether the ***existing*** complaint meets the requirements, not whether some unseen hypothetical future pleading might. Courts moreover routinely grant dismissal with prejudice and ***without*** allowing further amendment in securities cases when (as here) the initial amended complaint after appointment of lead plaintiffs does not sufficiently state a federal securities claim or satisfy the PSLRA.[15] Even if amendment is permitted, a Fifth Circuit decision addressing whether Southwest's disclosures about cascading disruptions and limited "tools," along with the public nature of the unions' criticisms, preclude a finding of material falsity or scienter would be helpful in deciding a second motion to dismiss, which would expedite the resolution of this suit while avoiding the discovery costs and settlement pressures that the PSLRA was intended to prevent.

## CONCLUSION

For the reasons stated above, the Court should grant reconsideration and dismiss Plaintiffs' claims or, alternatively, modify the Ruling to allow an interlocutory appeal.

---

[15] *See, e.g., Heinze v. Tesco Corp.*, 971 F.3d 475, 485 (5th Cir. 2020) (affirming denial of leave to amend first amended complaint); *Alaska Elec. Pens. Fnd. v. Flotek Indus., Inc.,* 915 F.3d 975, 979 (5th Cir. 2019) (initial post-appointment complaint dismissed); *Kakkar v. Bellicum Pharms., Inc.*, 2020 WL 2845279, at *5 (S.D. Tex. May 29, 2020) (Bennett., J.) (denying "nested" request to amend initial post-appointment complaint); *Stephens v. Uranium Energy Corp.*, 2016 WL 3855860, at *24 (S.D. Tex. July 15, 2016) (Rosenthal, J.) (denying leave to amend initial amended complaint after selection of lead plaintiffs).

Dated: February 19, 2025

Respectfully submitted,

NORTON ROSE FULBRIGHT US LLP

/s/ *Michael A. Swartzendruber*

Michael A. Swartzendruber (Lead Counsel)
State Bar No. 19557702
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200
michael.swartzendruber@nortonrosefulbright.com

Peter A. Stokes
State Bar No. 24028017
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701-4255
Telephone:  (512) 474-5201
Facsimile:  (512) 536-4598
peter.stokes@nortonrosefulbright.com

Kelly A. Potter
State Bar No. 24119284
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 652-5246
kelly.potter@nortonrosefulbright.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed with the Court's electronic case filing (ECF) system on February 19, 2025, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

/s/ *Michael A. Swartzendruber*

Michael A. Swartzendruber

11